[No. 814.   Decided January 3, 1893.]

## J. L. McMurray, *Respondent*, v. William H. Hollis, *Appellant*.

COUNTY OFFICERS—TERM OF OFFICE—CONSTITUTIONAL LAW.

Under art. 6, §8 of the constitution, and under §14 of the schedule to that instrument, the term of office for county officers is for two years commencing on the second Monday of January next succeeding their election; and the act of February 4, 1886, entitled "An act to prescribe the tenure of office in the Territory of Washington," has been abrogated by such constitutional provisions.

*Appeal from Superior Court, Pierce County.*

*Snell & Bedford,* for appellant.

*Stephen O'Brien,* and *F. C. Robertson,* for respondent.

The opinion of the court was delivered by

Hoyt, J.——Under the stipulations contained in the record, the only question which this court is called upon to decide is this: Does the term of the county officers elected on the 8th day of November, 1892, begin on the second Monday in January, or upon the first Monday in March, 1893? If upon the former date, it is conceded that the judgment of the lower court must be affirmed, and if upon the latter, that it should be reversed.

It is conceded by the briefs of the respective counsel that the decision of this question depends upon the fact as to whether or not the act of February 4, 1886, entitled "An act to prescribe the tenure of office in the Territory of Washington," is still in force. When this state adopted its constitution, and was by the action of the United States admitted to statehood, its existence as a territory was fully terminated. From the fact of such termination of its territorial existence, all its powers and duties as such ceased.

All· laws enacted for its government were at once abrogated; or it would, perhaps, be more correct to say that the existence of the political body to be governed by said laws had ended, and that there was nothing left for the laws to operate upon, and for that reason they were utterly without effect.   It must follow that to the constitution itself, and the schedule, which may be treated as a part thereof, must the state look for all its authority, until such had been provided by the action of the state legislature under the constitution.   Such being the case, it cannot be held that any of the laws of the territory are now in force in the state, excepting such as have been made to be thus of force by the constitution itself, or by the action of the state legislature.   It is not claimed that there has been any legislation by the state which affects this question. We can, therefore, only look to the constitution itself for its determination.

The schedule provides generally that all the territorial laws shall be continued in force, excepting such as are repugnant to the constitution.   This provision was broad enough to continue in force the act in question, and it must be held to be in force unless it is repugnant to some provision of the constitution or the schedule.

It is provided in § 14 of said schedule that—

"All district, county and precinct officers who may be in office at the time of the adoption of this constitution, and the county clerk of each county elected at the first election, shall hold their respective offices until the second Monday of January, A. D. 1891, and until such time as their successors may be elected and qualified, in accordance with the provisions of this constitution."

This provision and that continuing the laws of the territory in force are both found in the schedule, and must, of course, be construed together.   Thus construing them, it seems to us clear that there could have been no intention to continue in force the act under consideration.   If such

had been the intention, there would have been no necessity for the provision contained in said § 14. Such provision in itself, and without any reference to the act in question, limited the term of the officers then in office, and the limit thus fixed was a different one from that named in said act. When the provision took effect the act in question could no longer stand, as it was repugnant to the terms of the constitution. It follows that it was not continued in force by the provision above referred to.

The fact that there is a further provision in said § 14, that the officers therein named shall continue to hold after the second Monday of January, 1891, until such time as their successors may be elected and qualified, can have no controlling influence. Such a provision is the usual one to prevent an office being left unfilled by reason of the failure to elect a successor, or of such successor to properly qualify and enter upon the duties of the office.

It is very clear from such provision of the schedule that it was the intention of the constitution that the officers to be elected at the first election provided for in the constitution should take their office on the second Monday in January, 1891, and not on the first Monday in March, as provided for under said act of the territorial legislature. It would never have been provided that the tenure of those holding under the territory should be continued until the second Monday in January only, and that the term of the officers to be elected as their successors should not commence until the first Monday in March.

Such being the fact, we think that the provisions of § 8, art. 6 of the constitution furnish additional proof of the intention of the constitution makers to provide fully upon the question of the terms of the officers mentioned in said act of the legislature, and that such full provisions having been made, the continuance of said act in force was unnecessary. It is provided in said last named section that such

officers shall be elected on the Tuesday after the first Monday in November, 1890, and that thereafter all elections for such officers shall be held biennially on the Tuesday next succeeding the first Monday in November. Such provision for the election of these officers shows a clear intention that their terms of office shall be two years, and as we have already seen, the term of office of those first elected commenced on the second Monday in January, 1891, it follows as a reasonable conclusion that their terms will end on the second Monday in January, 1893, and that that date will be the commencement of the terms of their successors in office.

It is not necessary for the purposes of this case that we should determine as to the effect of § 5 of art. 11 of the constitution. Whether that section, construed with § 8 of art. 6, above mentioned, will be held to have authorized the legislature to prescribe such a length of term as it sees fit for such officers, or whether it shall be held that said § 5 simply authorizes the legislature to fix the date when the two years' term shall commence and end, is entirely foreign to the question at bar. It is enough for the purposes of this case that we hold, as we do, that the provisions of the constitution in effect have made a two years' term for such officers, and provided that such term should commence on the second Monday of January next succeeding their election; that, whether or not the legislature has plenary powers in fixing the length of such terms and the date of their commencement, such provisions of the constitution must remain in force until action has been taken by the state legislature.

The judgment of the superior court must be affirmed.

Anders, C. J., and Stiles, Dunbar and Scott, JJ., concur.