[No. 8579. Department Two. March 25, 1910.]

## W. P. McELWAIN, *Appellant*, v. DAN ABRAHAM *et al.*, *Respondents.*[1]

COUNTIES—COMMISSIONERS—POWERS—JUSTICES OF THE PEACE—APPOINTMENT OF ASSISTANT CLERKS. Justices of the peace not being county officers, under our constitution, their offices pertaining to judicial business, the county commissioners, under their general authority and control over county business and officers, are not authorized to employ bailiffs or assistant clerks for justices of the peace, the legislature having expressly authorized the employment of one clerk for each justice of cities of the first and second classes.

Appeal from a judgment of the superior court for King county, Main, J., entered November 22, 1909, upon sustaining a demurrer to the complaint, dismissing an action to enjoin county officers from issuing warrants in payment of claims for salaries. Reversed.

*Wm. Hickman Moore*, for appellant.

*George F. Vanderveer* and *M. H. Ingersoll*, for respondents.

MOUNT, J.—This action was brought by the appellant, as a citizen and taxpayer, to enjoin the county commissioners and the auditor of King county from allowing, auditing, and drawing warrants in payment of claims for salaries of certain persons appointed by the county commissioners as bailiffs and assistant clerks for certain justices of the peace

[1]Reported in 107 Pac. 832.

in King county. The trial court sustained a general demurrer to the complaint, and dismissed the action.

The appeal presents but one question, viz., whether under the law county commissioners are authorized to employ and pay for bailiffs and assistant clerks for justices of the peace in cities of the first class. It is apparently conceded by counsel for the respondents that there is no statute directly authorizing such appointment. But it is argued that the commissioners under their general powers, having the care of county property and the management of the county funds and business, have such authority. *Martin v. Whitman County*, 1 Wash. 533, 20 Pac. 599; *State ex rel. Whitney v. Friars*, 10 Wash. 348, 39 Pac. 104, and *Nelson v. Troy*, 11 Wash. 435, 39 Pac. 974, are relied upon to sustain these appointments. The first of these cases was one where the county employed an agent for a strictly county purpose in the management of the affairs of the county. The next one announced substantially the same rule as was announced in the first case. The other case held that § 2 of the act of 1890, p. 304, referring to certain county officers, expressly authorized such officers to appoint, with the consent of the county commissioners, necessary help in their offices. None of these cases control the question presented here, for justices of the peace are not designated as county officers and are not such officers in law. The constitution, at § 10 of article 4, provides:

"The legislature shall determine the number of justices of the peace to be elected in incorporated cities or towns and in precincts, and shall prescribe by law the powers, duties, and jurisdiction of justices of the peace: . . . In incorporated cities or towns having more than five thousand inhabitants, the justices of the peace shall receive such salary as may be provided by law, and shall receive no fees for their own use."

Justice courts are not courts of record. Const., art. 4, § 11. The legislature has provided for four justices of the peace in certain cities of the first class. Laws 1909, p. 567 (Rem. & Bal. Code, § 6537). Provision has also been made for con-

stables, who are precinct officers and peace officers in such courts. Rem. & Bal. Code, §§ 6524, 6529. Provision has also been made for clerks as follows:

"The board of county commissioners shall allow each justice in cities of the first class, and may allow each justice in cities of the second class, one clerk, at such salary as they may designate; said clerk to be paid in the same manner and at the same time as the said justices." Rem. & Bal. Code, § 6547.

This statute clearly limits the number of clerks for each justice in such cities to *one* clerk. It does not mean more than one clerk, and it does not mean one clerk and such number of assistants as the county commissioners may deem necessary. There is no provision for the appointment of bailiffs for such courts. It seems clear that, where the legislature has provided for one constable and one clerk for such courts, and made no provision for other officers thereof, no other officers may be legally appointed as a charge upon the county. The county commissioners are the general agents of the county and have the care of county property and the management of county funds and business, but they derive their powers from the legislature and may exercise only such powers as are expressly conferred or are necessary to the performance of their duties. While justices of the peace, constables, and clerks are paid out of the county funds, and the fees collected are paid into the county funds, the business of their offices is not strictly county business. It is well defined and pertains to judicial business, over which the county commissioners have no control except to see that the fees are properly accounted for and the salaries paid. If the business of these officers is more than they can care for, the remedy must be sought from the legislature and not from the boards of county commissioners.

It would not, we think, be contended that, under their general authority, county commissioners may appoint assistant justices of the peace to each of the four justices provided by law, or that they may appoint assistant constables

because in the opinion of the county commissioners such assistants might become necessary, for the number of such justices is expressly limited and there is no provision for assistants. But if the commissioners have authority to appoint bailiffs and assistant clerks as they have done in this case, they have, for the same reason, authority to appoint assistant justices and constables where the legislature has expressly limited the number of such officers. We are clearly of the opinion that these officers were appointed without authority of law and in violation thereof, and that such appointments create no liability against the county.

The judgment of dismissal is therefore reversed, and the cause remanded with instructions to overrule the demurrer and for further proceedings.

RUDKIN, C. J., CROW, PARKER, and DUNBAR, JJ., concur.