[No. 13266.   Department One.   July 29, 1916.]

THE STATE OF WASHINGTON, *on the Relation of A. H. Fair,*
*Appellant,* v. M. L. HAMILTON *et al., Respondents.*[1]

STATUTES—CONSTRUCTION—AMBIGUITY — INTENT — EXTRINSIC EVI-
DENCE—JUSTICE OF PEACE—CONSTABLES—TERM OF OFFICE.   The am-
biguity in 3 Rem. & Bal. Code, § 6533-1, providing for the election
of justices of the peace and constables "quadrennially" and limiting
the term of office to "two years" after election, admits of extrinsic
evidence to ascertain the intent; and the intent to provide a four-
year term is clear and will be given effect, where it appears from
the senate and house journals that the bill as originally introduced
provided for elections "biennially," which was by amendment
changed to "quadrennially," showing that the omission to change
the term also was an inadvertence.

JUSTICES OF THE PEACE—TERM—CONSTITUTIONAL AND STATUTORY
PROVISIONS—COUNTIES—OFFICERS.   Const., art. 11, §§ 4 and 5, requir-
ing uniformity in county government, and art. 6, § 8, requiring
county officers to be elected biennially, apply only to executive and
administrative county officers and not to justices of the peace and
constables, since they properly belong to the judicial department of
the state and are not county officers.

COUNTIES — OFFICERS — STATUTES.   Const., art. 6, § 8, requiring
county officers to be elected biennially, must be construed in con-
nection with art. 11, § 5, conferring power on the legislature to pre-
scribe the duty of county officers and fix their term of office.

STATUTES—TITLES AND SUBJECTS.   The titles of acts "relating to
justices of the peace and constables" in cities having a specified popu-
lation, and "relating to justices of the peace and constables and the
compensation of justices," in cities of a specified population, are suf-
ficient without being a complete index of the acts.

STATUTES—AMENDMENTS—CONSTRUCTION.   An amendatory act re-
lating to the election of justices, quoting parts of the act amended,
and containing the word "hereafter," is not ambiguous as providing
for a future election to be held at a past time; since "hereafter"
means subsequent to the passage of the original act, which is not
repealed and reenacted, but is considered as having been at all times
in force.

STATUTES — TITLE — AMENDMENTS.   An act amending a section,
which sets forth in full the section as amended, does not violate
Const., art. 2, § 37, providing that no act shall be revised or amended

[1]Reported in 159 Pac. 379.

by a mere reference to its title, but the section amended shall be set forth at full length.

STATUTES—PARTIAL INVALIDITY—EFFECT—JUSTICE OF PEACE—SALARY—TERM. If Rem. 1915 Code, § 6533-5, is unconstitutional in that it authorizes the county commissioners to increase the salaries of certain justices of the peace, the same does not affect the other portion of the statute fixing the number and term of office of justices and constables in certain cities.

SHERIFFS AND CONSTABLES—NUMBER—STATUTES. But one constable for each justice was intended, and the limitation of justices limits the number of constables provided for by Rem. 1915 Code, § 6533-1, providing that there shall be, in cities of fifty thousand population, two justices of the peace and two constables, and one additional justice and one additional constable for each additional fifty thousand population, with the proviso limiting the justices that may be elected to five until the population reaches five hundred thousand.

Appeal from a judgment of the superior court for King county, Frater, J., entered November 30, 1915, dismissing mandamus proceedings, upon sustaining a demurrer to the application. Affirmed.

*R. B. Brown*, for appellant.

*Alfred H. Lundin, Robert H. Evans*, and *S. M. Brackett*, for respondents.

*John B. Wright, Otis W. Brinker, John E. Carroll, Reah M. Whitehead, John W. Linck*, and *Frank H. Graham*, amici curiae.

FULLERTON, J.—This is a proceeding in mandamus, instituted by the relator, A. H. Fair, against the board of county commissioners of King county, to compel that board to appoint a justice of the peace and two constables for the city of Seattle in addition to the five justices and five constables now holding such office therein. A demurrer was interposed by the board to the application for the writ, which the trial court sustained. The applicant thereupon refused to plead further, and a judgment dismissing his application was entered. From this judgment the relator appeals.

The questions suggested by the appeal involve a construction of the statutes relating to the election and tenure of office of justice of the peace and constables in cities of the first class. Passing the earlier statutes as having no bearing upon the inquiry, the first one necessary to be noticed is that of March 17, 1909 (Laws 1909, p. 567; Rem. 1915 Code, § 6537 *et seq.*). This statute provided for the election at the general election to be held in November, 1910, and biennially thereafter in each city having a population of eighty thousand or more, as shown by the census of 1900, four justices of the peace and four constables, "and no more," whose terms of office should be for the period of two years from the second Monday in January following their election. Under this statute, four justices of the peace and four constables were elected in the city of Seattle at the general election of 1912, for a term of two years from the second Monday in January following.

At its session of 1913, the legislature passed a new act relating to the subject (Laws 1913, p. 103), the first section of which reads as follows:

"Section 1. After the taking effect of this act, there shall be in cities of fifty thousand population two justices of the peace and two constables, and one additional justice and one additional constable in such cities for each additional fifty thousand population or a major fraction thereof, to be elected at the general election to be held in November, 1914, and quadrennially thereafter, whose term of office shall be for the term of two years from the second Monday of January following the election: Provided, There shall not be more than five justices in any city unless the same has a population of 300,000 or more: And provided further, That nothing in this act shall be construed to affect justices of the peace or constables or the offices of justices of the peace or constables in cities having a population of less than fifty thousand inhabitants." 3 Rem. & Bal. Code, § 6533-1.

Section 2 of the act provides that, whenever it shall appear to the board of county commissioners of any county containing a city of fifty thousand inhabitants or more that

such city is entitled to an additional justice and constable as provided in the first section of the act, the board is authorized to appoint such additional justice and constable. Section 3 fixes the salaries of such justices and constables, and section 4 provides that the justices and constables thereafter appointed or elected under the act should receive the salary therein provided. Under this act, five justices and five constables were elected in the city of Seattle at the general election held in November, 1914.

At its session of 1915, the legislature amended the first section of the act of 1913, making the same read as follows (Laws 1915, p. 316):

"After the taking effect of this act, there shall be in cities of fifty thousand population two justices of the peace and two constables, and one additional justice and one additional constable in such cities for each additional fifty- thousand population or a major fraction thereof, to be elected at the general election to be held in November, 1914, and quadrennially thereafter, whose term of office shall be for the term of four years from the second Monday of January following the election: Provided, There shall not be more than five justices in any city unless the same has a population of 500,000 or more: And provided further, That nothing in this act shall be construed to affect justices of the peace or constables or the offices of justice of the peace or constables in cities having a population of less than fifty thousand inhabitants." Rem. 1915 Code, § 6533-1.

To the act was added a second section (Rem. 1915 Code, § 6533-5) authorizing boards of county commissioners in counties containing cities having a population of two hundred and twenty-five thousand or more to pay to justices of the peace in such cities such additional compensation to that then allowed by law as such commissioners should deem fit and proper, such additional compensation not to exceed three hundred and fifty dollars per annum.

The appellant's contentions in this court have taken a somewhat wide range. He contends, first, that the acts of

1913 and 1915 are unconstitutional and void and that the statutes of 1909, and the acts prior thereto not repealed by that act are the only statutes now in force relating to justices of the peace and constables in cities of the first class, and that under these statutes a peremptory writ of mandate should issue for the appointment of four justices of the peace and four constables for the city of Seattle; this, on the principle that the act of 1909 limits the number of justices of the peace and constables that can be elected in any city to four of each, and that those now in office in the city of Seattle since they were elected under an invalid statute are holding office without right or authority. His second contention is that, if the court finds the statute of 1913 to be valid and that of 1915 invalid, then a writ should issue for the appointment of one justice of the peace and two constables, since such appointment is required whenever a city has a population of three hundred thousand and more, and that the city of Seattle has such a population. His third contention is that, if the court finds both of the later statutes to be valid, then a writ should issue for the appointment of two constables.

Since the respondents themselves make no question of the sufficiency of the appellant's application to raise these several questions, but have discussed them upon their merits, we shall pursue the same course although it would seem that the questions suggested by the application could be disposed of on somewhat narrower grounds. The objection to the act of 1913 is founded upon the ambiguity contained in the language used therein. It will be observed that it provides for the election of justices of the peace and constables at the general election to be held in November, 1914, "and quadrennially thereafter," and limits the tenure of the term to "two years from the second Monday of January following the election." It is thought that this ambiguity renders the act void, but such is not the rule. It is the duty of the courts to give effect to a statute whenever the intent and purpose

of the legislature which enacted it can be ascertained with reasonable certainty. It is a rule, also, that when the language is ambiguous or contradictory, the courts may resort to extrinsic aids to ascertain its intent and purpose, and may in construing a statute containing contradictory expressions, if intrinsic inquiry does not suggest the true intent and purpose, give effect to the expression last in time. Here we think the intent of the legislature is made plain by extrinsic inquiry. On consulting the journals of the legislature, it is found that the act had its origin in the house of representatives, and that as introduced and as it passed that house it contained the word "biennially" in the place where the word "quadrennially" now appears; that, when under consideration by the senate, the act was amended by striking out the word "biennially" and substituting therefor the word "quadrennially." As so amended it was passed by the senate and returned to the house which concurred in the amendment. House Journal, 1913, pp. 637, 638; Senate Journal, 1913, p. 683. This amendment created the ambiguity or contradiction before mentioned. The act was made to provide for quadrennial elections, and for two year terms. But manifestly this was an inadvertence. The senator moving the amendment overlooked the fact that consistency of language required a change in the phrase defining the tenure of office. It being clear, however, that the legislature intended to give to the officers elected at the November election of 1914 a four-year term of office, it is the duty of the court to give the act that effect.

But the appellant argues that to give the act this effect is to render it violative of §§ 4 and 5 of art. 11, of the constitution, which require uniformity in county government, and § 8 of art. 6, which requires county officers to be elected biennially. But these sections we think relate solely to the executive and administrative officers of a county, those officers necessary to the scheme of county government provided in the constitution, not to justices of the peace and their ex-

ecutive officers, the constables, who properly belong to the judicial department of the state. In other words, justices of the peace and constables "are not designated as county officers and are not such officers in law." *McElwain v. Abraham*, 58 Wash. 26, 107 Pac. 832. Moreover, we have held that § 8 of art. 6 of the constitution must be construed in connection with § 5 of art. 11 of that instrument, which confers upon the legislature power to prescribe the duties of county officers and fix their term of office, and that this section permits the legislature to extend the tenure of office of even an executive or administrative county officer for a longer period than two years. *State ex rel. Hays v. Twichell*, 9 Wash. 530, 38 Pac. 134. It follows as of course that, if the section of the constitution providing for biennial elections of county officers does not limit the tenure of office of the executive and administrative officers of a county to two years, it does not limit the tenure of office of justices of the peace or constables to that term.

It is contended further that the act of 1913 is invalid for want of a sufficient title. The same objection is made also to the act of 1915. The title of the first is: "An act relating to justices of the peace and constables in cities having a population of 50,000 or more inhabitants and providing for their election or appointment and fixing their salaries." The title of the second is: "An act relating to justices of the peace and constables and the compensation of justices of the peace in cities of 225,000 population, and amending section 6533-1 of Remington & Ballinger's Annotated Codes and Statutes of Washington." It seems to us that the question of the sufficiency of these titles does not require discussion. They fall within all of our numerous decisions on the question of sufficiency of titles to legislative acts. These will be found collected in the case of *State ex rel. Lindsey v. Derbyshire*, 79 Wash. 227, 140 Pac. 540; *State v. Seattle Taxicab & Transfer Co.*, 90 Wash. 416, 156 Pac. 837, and the cases to which reference is therein made.

Turning to the act of 1915, it will be observed that the first section of that act is a literal transcript of the first section of the act of 1913, changing only the word "two" to the word "four" and the figures "300,000" to "500,000." Reading it as an independent act, it contains an ambiguity in that it provides for a future election to be held at a past time. But the statute is not to be so read. It is amendatory, and the portions of the amended statute which were copied into it without change are not to be considered as repealed and reenacted but are to be considered as having been at all times in force. As is said in Lewis' Sutherland on Statutory Construction, § 237:

"The word 'hereafter' used in the statute as amended must be construed distributively. As to cases within the statute as originally enacted, it means subsequent to the passage of the original act; as to cases brought within the statute by the amendment, it means subsequent to the time of the amendment."

Tested by these rules, there is no ambiguity in the amendatory act.

Again it is asserted that the act of 1915 is void because in conflict with § 37 of art. 2 of the constitution, which provides that no act shall ever be revised or amended by mere reference to its title, but the act revised or the section amended shall be set forth at full length. This objection is also without merit. The section amended was set forth at full length, within the meaning of the constitution as construed by us in *Holzman v. Spokane*, 91 Wash. 418, 157 Pac. 1086, and the cases there cited.

It is contended further that the act of 1915 is unconstitutional because of the second section, which vests in the county commissioners power to increase the salaries of the justices of the peace within certain defined limits. The argument is that the authority attempted to be conferred is beyond the power of the legislature, since the constitution vests the power to fix the salaries solely in the legislature. But we

think we need not determine the validity of this objection. Conceding that the legislature has exceeded its power in this respect, the fact would not render the entire act void. This part of the act is distinct and separable from the other provisions, and it cannot be supposed that the legislature would not have passed the one without the other. In such a case the courts are not authorized to declare the whole act void, but must give effect to that part of the act which is within the constitution. *Nathan v. Spokane County,* 35 Wash. 26, 76 Pac. 521, 102 Am. St. 885, 65 L. R. A. 336; *State ex rel. Matson v. Superior Court,* 42 Wash. 491, 85 Pac. 264; *State ex rel. Board of Tax Commissioners v. Cameron,* 90 Wash. 407, 156 Pac. 537.

The foregoing considerations require an affirmance of the judgment below in so far as it affects the justices of the peace. There are now five of such justices in office in the city of Seattle, and the latest enactment distinctly provides that "there shall not be more" until the city "has a population of 500,000 or more," and there is no contention that the city of Seattle has as yet reached this population.

It remains to inquire whether there is any reason for the appointment of additional constables. It will be observed that the act provides that there shall be in cities of fifty thousand population two justices of the peace and two constables, and one additional justice and one additional constable in such cities for each additional fifty thousand population or a major fraction thereof. The proviso, it will be further observed, limits the number of justices that may be elected or appointed to five until the city reaches a population of five hundred thousand, but makes no such limitation as to the number of constables that may be elected or appointed. In his application for the writ of mandamus, the appellant alleges that the city of Seattle has a population of three hundred thousand. In his brief in this court he asserts that the city has a population of three hundred and thirty-one thousand, and that the courts must take judicial notice of

this fact. Based thereon, the conclusion is drawn that there is at least one vacancy in the office of constable in the city of Seattle, and that, if the court agrees with the appellant's estimate of the present population of the city, there are two such vacancies which should be filled by appointment through the board of county commissioners.

If we were to admit the appellant's premise, there might be some ground for the conclusion he draws therefrom. But we cannot accept his construction of the legislative acts. It seems clear to our minds that the legislature intended there should be but one constable for each justice court, and when it limited the number of justice's courts, it of necessity limited the number of constables that could be elected or appointed. At any rate, there is no such clear right shown as to make the duty of appointment imperative.

It is our conclusion that the judgment of the lower court should be affirmed, and it will be so ordered.

Morris, C. J., Mount, Chadwick, and Ellis, JJ., concur.