193 P.2d 913

BARROWS v. GARVEY, Secretary of State.

No. 5110.

Supreme Court of Arizona.

May 24, 1948.

204

Snell, Wilmer, Walsh & Melczer, of Phoenix, for petitioner.

Evo De Concini, Atty. Gen., Fred O. Wilson, Asst. Atty. Gen., and Edward Jacobson, Asst. Atty. Gen., for respondent.

UDALL, Justice.

The Seventeenth Legislature, in regular session assembled, amended Sec. 17-504, A.C.A. 1939, entitled "Precinct officers," by purportedly extending the term of office of Justices of the Peace and Constables from two to four years. Laws 1945, ch. 69, sec. 1. The matter before us raises but one question and that is as to constitutionality and legality of this enactment.

Earle F. Barrows (hereinafter termed petitioner), as a resident citizen, qualified elector and taxpayer of Maricopa County, Arizona, filed a petition for writ of mandamus seeing to compel respondent, Dan E. Garvey, as Secretary of State, to remove and delete from the notice prepared by him (pursuant to the provisions of Sec. 55-1002, A.C.A. 1939) the names of the offices of Justice of the Peace and Constables of the several Justice Precincts of Maricopa County as being offices for which candidates are to be nominated at the primary election to be held September 7, 1948. It is the contention of petitioner that at the general election held in 1946 such officers were elected for a term not expiring until January 1, 1951.

█ As the matter involved a question of publici juris of importance and general interest requiring a speedy determination we assumed original jurisdiction.

█ The office of constable was not created by the Constitution, nor is the term thereof prescribed by the Constitution. Since the office of constable is created by statute, the term is wholly within the control of the legislature. Constitution of Arizona; 46 C.J. Sec. 100, p. 964; 43 Am.Jur., Public Officers, Sec. 151. Hence as to the office of constable the amendment of Sec. 17-504, supra, is a valid enactment unless, as contended by respondent, the two offices (justice of peace and constable) are so entwined, with no severability clause, that if the statute be declared invalid as to the justices that portion with reference to the constables must fall with it. This upon the theory that where one part of a statute is held to be of no effect as being unconstitutional, the whole statute will be ineffectual if the remaining sections would make little sense in expressing the intent of the legislature. Sellers v. Frohmiller, 42 Ariz. 239, 24 P.2d 666; Powell v. Gleason, 50 Ariz. 542, 74 P.2d 47, 114 A.L.R. 838; Miners and Merchants Bank v. Board of Supervisors, 55 Ariz. 357, 101 P.2d 461.

██ The law is of course well-settled that if the term of an officer is prescribed by the constitution the legislature is powerless to change it.

*"Legislative Power to Shorten or Lengthen Term.*—There is no doubt of the power of the legislature which creates an

office to abolish it or to change it, and the legislature may shorten or lengthen the term of the office itself, in the absence of constitutional inhibition. So, also constitutional authority to extend existing terms of office is sometimes given for certain expressed purposes.

"However, aside from such provisions, *the legislature is without power, directly or indirectly, to extend the term of the incumbent of an elective office where the term is fixed by the constitution,* where the term is limited by such instrument and the effect of the extension is to exceed the limit of tenure fixed * * *." 43 Am.Jur. Public Officers, Sec. 151. (Emphasis supplied)

As to the other office, a justice of the peace is definitely a constitutional officer.

"The judicial power of the state shall be vested in a Supreme Court, superior courts, *justices of the peace,* and such courts inferior to the superior courts as may be provided by law." Constitution of Arizona, Article 6, Section 1. (Emphasis supplied)

It is the contention of the respondent that our Constitution limits the term of office for a justice of the peace to a period of two years. Reliance is had upon:

(a) Art. 7, Sec. 11, appearing under the Article on Suffrage and Elections, which reads:

"[*Date of general elections.*]—There shall be a general election of representatives in congress, and of state, county, and precinct officers on the first Tuesday after the the first Monday in November of the first even numbered year after the year in which Arizona is admitted to statehood *and biennially thereafter."* (Emphasis supplied) and the interpretation placed thereon by this Court in the case of High v. State, 14 Ariz. 429, 130 P. 611, 612, from which we quote:

"Section 11, article 7, of the Constitution, provides for biennial elections of state, county, and precinct officers. This section, when construed in connection with the other provisions of that instrument, *we think definitely fixes the term of office of justice of the peace to two years. This term of office is constitutional, and cannot by changed by the Legislature."* (Emphasis supplied)

(Apparently this holding was later impliedly approved in the case of Sweeney v. State, 23 Ariz. 435, 204 P. 1025, 1027.)

(b) The holding of the Washington Supreme Court in the early case of McMurray v. Hollis, 5 Wash. 458, 32 P. 293, in interpreting a similar constitutional provision.

The respondent primarily relies upon the statement, heretofore quoted, appearing in the High case to the effect that Art. 7, Sec. 11, Constitution of Arizona, fixes the term of office of justices of the peace at two years. While the petitioner contends, (a) that this statement is dicta as he asserts the decision reached in the case did not depend

in any respect upon the construction therein placed upon Art. 7, Sec. 11; (b) that if this pronouncement be considered by us to be authoritative that the same is completely erroneous and should be overruled irrespective of the rule of stare decisis.

■ Black's Law Dictionary, Third Edition, p. 575, furnishes a good definition of obiter dicta:

"Statements and comments in an opinion concerning some rule of law or legal proposition not necessarily involved nor essential to determination of the case in hand are obiter dicta, and lack the force of an adjudication."

Let us, therefore, analyze the propositions actually before this Court, and decided by this Court, in the High case. These propositions were:

(1) That by virtue of Art. 22, Sec. 6, Constitution of Arizona, territorial justices of the peace in office at the date of the admission of Arizona into the Union held their offices until their successors qualified;

(2) By virtue of Art. 6, Sec. 9, Constitution of Arizona, the first justices of the peace taking office after statehood were to be elected and could not be appointed;

(3) Under Art. 7, Sec. 11, Constitution of Arizona, there could be no election of justices of the peace after statehood until the general election held in November, 1914;

(4) That, accordingly, territorial justices of the peace would hold their offices until their successors were elected in the general election of 1914 and had qualified.

We next consider the question: Did the decision reached in the case depend in any respect upon the construction therein placed upon Art. 7, Sec. 11? In answer to this question petitioner argues this section of the Constitution relates solely to the time of holding general elections and has nothing to do with terms of office. He says the validity of this proposition is evident from the following:

(a) Where the term of every office created by the Constitution, other than justice of the peace, is *specifically* fixed and prescribed in the Constitution, it manifests an intention to specifically provide in the Constitution for the terms of the offices created therein, and it is most improbable that the framers of the Constitution left the term of office of the justice of the peace to be deduced from a provision relating to elections.

(b) The construction of provisions of Art. 7, Sec. 11, fixing the date of the election of state and county officers as also fixing the terms of state and county offices is impossible in view of the fact that such terms are specifically fixed by other provisions of the Constitution. If it be contended that the provisions of Art. 7, Sec. 11, fixing the date of the election of precinct officers must be construed to fix the term of justice of the peace, it may be answered by pointing out that the justice of the peace is not necessarily a precinct officer. Art. 6, Sec. 9, of the Constitution provides "the number of

justices of the peace to be elected in *incorporated cities and towns* and in precincts * * * shall be provided by law." (Emphasis supplied)

(c) The Constitution specifically provides four and six year terms for certain state and county offices. If Art. 7, Sec. 11, be construed to have relation to and to fix terms of office, it conflicts with the provisions of the Constitution specifically prescribing terms of office in excess of two years.

(d) That this Court in the case of State v. Osborne, 14 Ariz. 185, 125 P. 884, 892, clearly differentiates between Art. 6, Sec. 9, and Art. 7, Sec. 11, of the Constitution of Arizona, in the following language:

"It should be borne in mind that the provisions of the Constitution creating offices and fixing their tenure in no way bear upon the question of elections. *They do not attempt or pretend to say when successors shall be chosen. They create and fix the tenure of offices. Under a different subject-matter—'Suffrage and Elections'—the Constitution fixed the date of holding elections.*" (Emphasis supplied)

The question of the term of office of a justice of the peace elected after statehood, when Art. 6, Sec. 9, of the Constitution was in force, was not before the court in the High case and the language used by the court concerning the term of such justice of the peace had no bearing on the issues before the court. We conclude, therefore, that the statements appearing in the High case to the effect that Art. 7, Sec. 11, fixes the term of justices of the peace at two years is obiter dicta and hence not binding upon us in determining the instant case.

As to the case of Sweeney v. State, supra, when it is carefully examined it is apparent that there is nothing in the opinion which adopts or approves the language of the High case holding that Art. 7, Sec. 11, has the effect of fixing the term of justices of the peace. The matter there under consideration was whether under the constitution and statutes of Arizona the incumbent Sweeney was entitled to hold over after the expiration of the regular term until the election and qualification of his successor. He had been appointed to fill out the unexpired term of the elected justice of the peace who had died in office after his re-election, but before he had qualified for a new term. This Court held that he was entitled to hold over since during the period of tenure as so extended, the office would not become vacant except for causes which would create a vacancy in the regular term and it was in support of this proposition that the High case was cited. It is true, also, that in the Sweeney case the court made a reference to a justice of the peace's "regular, fixed, or normal term of two years", [23 Ariz. 435, 204 P. 1027], but it must be remembered that the statutory term at the time in question (in fact since statehood until enactment of Chap. 69, Laws of 1945) was two years so that the reference

is not necessarily to be construed as the approval by the court of the proposition that the term was fixed by the Constitution.

Examining the question before us then, as one of first impression, it is for us to determine whether any of the constitutional provisions of Arizona fix the term of justices of the peace at two years or whether the legislature at will may change the term of office to such period as they may designate. To arrive at a correct answer to this question it will be helpful to consider the decisions of the Supreme Courts of the States of Washington and California, both of which have very similar, and in some instances identical, constitutional provisions to Arizona.

Respondent relies in part upon the early Washington case of McMurray v. Hollis, supra, wherein the court construed Art. 6, Sec. 8, Constitution of Washington (similar to Art. 7, Sec. 11, Constitution of Arizona) relating to the time of holding elections for county and district officers, as having the effect of fixing the terms of such officers. It was therein said [5 Wash. 458, 32 P. 294]:

"Such provision for the election of these officers shows a clear intention that their terms of office shall be two years * * *."

However such holding is completely sapped of its strength as an authority by reason of the fact that the same court in the later case of State ex rel. Hays v. Twichell, 9 Wash. 530, 38 P. 134, 135 (decided less than two years later) again considering the same constitutional provision had this to say:

" * * * nor do we think there is anything in section 8, art. 6, which would lead to such a construction. *That section does not attempt to provide for the duration of the terms of county and district officers, but simply provides a time at which the election for such officers shall be held. * * *"* (Emphasis supplied)

While the case last quoted from did not expressly overrule McMurray v. Hollis by name, it obviously did so in effect; and, in this connection, it is to be noted that McMurray v. Hollis has not been cited as authority by the Supreme Court of the State of Washington from the time of its decision in 1893 to this date. See also State v. Hamilton, 92 Wash. 347, 159 P. 379, where the precise question to be decided by the court was the validity of a statute granting to constables and justices of the peace four year terms; and the argument advanced against the validity of the legislative act was that justices of the peace were county or district officers and, consequently, their terms were limited to two years under the provisions of Art. 6, Sec. 8, of the Washington Constitution. The Supreme Court of Washington upheld the validity of the four year term on the basis that justices of the peace were probably judicial officers rather than county or district officers, but if they were county or district officers, Art. 6, Sec. 8, of the Washington Constitution was not a constitutional limit to their terms.

It will thus be seen that these later Washington cases are in complete harmony with the construction placed on similar constitutional provisions by the California Supreme Court set forth in the cases hereinafter cited and discussed.

■ Art. 6, Sec. 9 of the Arizona Constitution providing that the legislature shall determine the number of justices of the peace and prescribing the scope of justice court jurisdiction was adopted from the California Constitution, (See Reporter's Transcript Proceeding of Arizona Constitutional Convention, p. 357). This latter provision reads, in part, as follows:

"The legislature shall determine the number of Justices of the Peace to be elected in townships, incorporated cities and towns, or cities and counties, and shall fix by law the powers, duties, and responsibilities of Justices of the Peace * * *." Art. 6, Sec. 11, California Constitution of 1879.

It is presumed, therefore, that the framers of our constitution were conversant with and intended to adopt also the construction that had been placed upon this provision by the courts of California prior to its incorporation into the Arizona Constitution.

"When provisions have been adopted into the constitution of the state, which are identical with, or similar to, those of other states, or of the federal constitution, or those of statutes of other jurisdictions, it will be presumed that the framers of such constitution were conversant with, and designed to adopt also, any construction previously placed on such provisions in such other jurisdictions. * * *" 16 C.J.S., Constitutional Law, § 35.

The Supreme Court of California has repeatedly construed Art. 6, Sec. 11, and in the case of Kahn v. Sutro, 114 Cal. 316, 46 P. 87, 93, 33 L.R.A. 620, it said:

"The different provisions in the constitution relating to the powers, duties, responsibilities, and election of justices of the peace are found in article 6, which treats exclusively of the judicial department. There is no provision in this article, or in the article relating to the legislative department, which requires that the terms of office of a justice of the peace shall be the same in all parts of the state; and there are many reasons why the powers and duties of this officer, as well as his term of office, should be different in an incorporated city from those applicable to a sparsely-settled township. *Section 10 of article 22 declares that judicial officers shall be elected at the time and in the manner that state officers are elected, but there is no requirement that the term of office of such judicial officers as the legislature may authorize to be elected shall be uniform throughout the state.* The provision in section 11 of article 6 that the legislature shall determine the number of justices of the peace to be elected in townships, incorporated cities,

and towns, or incorporated cities and counties, shows that it was not intended that the laws relating to this portion of the judicial system should be uniform throughout the state, but the number for each of these subdivisions or bodies corporate is to be fixed by the legislature as it may deem applicable to their respective needs. This provision recognized the necessity of different provisions for these bodies, and, in the absence of constitutional restriction, gives to the legislature the power to adapt its laws to their respective conditions." (Emphasis supplied).

See also People v. Cobb, 133 Cal. 74, 65 P. 325.

In the earlier case of Barton v. Kalloch, 1880, 56 Cal. 95 (Book 19, Pacific States Reports), the Supreme Court of California decided that Art. 20, Sec. 20, of the California Constitution of 1879 (which like the Constitution of Arizona, Art. 7, Sec. 11, and Washington, Art. 6, Sec. 8, sets the time of elections but does not specifically say that the terms of officers shall be coincidental therewith) did not fix the term of office but left that open for legislative action.

We conclude that both logic and reason require a determination that the legislature was free to extend the term of office from two to four years for both justices of the peace and constables and that hence Chapter 69, Laws of 1945 (Sec. 17-504, A.C.A. 1939, as amended), was a valid enactment not violative of any constitutional provisions.

The alternative writ is made peremptory.

STANFORD, C. J. and LA PRADE, J., concur.