BOARD OF EDUCATION MEMBER — ELIGIBILITY UPON TAKING OATH OF OFFICE (1) Member of Board of Education elected on Fourth Tuesday in January, 1971, takes office immediately upon the taking of the oath of office. (2) The Legislature may alter the term of an elected official whose term was originally set by the Legislature. The Attorney General has considered your request for an opinion on the question, outlined substantially as follows: The Thirty-second Session of the Legislature amended 70 O.S. 4-7 [70-4-7] which now requires school board elections to be held on the fourth Tuesday in January instead of the fourth Tuesday in March. Since a member of a board of education elected at the annual school elections prior to 1970 was elected on the fourth Tuesday in March for a term of five years, when will a new member of the board, elected on the fourth Tuesday in January, 1971, be legally eligible to begin serving on the board? In the opinion of the Attorney General 70 O.S. 4-7 [70-4-7] (1961) (as amended, 1970) when construed in conjunction with 70 O.S. (4-13 (1961) dictates that the term of the newly elected member of the Board will begin immediately upon election on the fourth Tuesday of January, 1971, provided he qualifies for the office. The qualification referred to in 4-7 (provided there has been a valid election,) is limited to an oath of office which shall be taken and subscribed to by the newly elected member. Therefore, upon the taking of the oath after a valid election, the newly elected member of the Board will immediately replace the member whose term would have otherwise expired on the fourth Tuesday in March, 1971. 70 O.S. 4-13 [70-4-13] (1961) which provides that: "A position on the board of education of any school district shall automatically become vacant upon the failure of a person who has been elected or appointed thereto to qualify within thirty (30) days after his election or appointment." Clearly contemplates that the position to which a person has been duly elected is vacated by the previous Board member as of the date of the election and the taking of the oath of office. Until such time as the oath of office is taken by the newly elected Board member the position will remain filled by the previous Board member. On the other hand, if a purported election has been held, 4-13 would require the position vacated within thirty (30) days of the election date. The only question remaining is whether the Legislature had the power to reduce the term of the present members of the Boards of Education from the full five (5) years. ArticleXIII, Section 1 of the Oklahoma Constitution vests plenary power in the Legislature to establish and maintain a system of education. Pursuant to this grant of power the Legislature determines the period of the term of office for members of Boards of Education. In further pursuance of that power the Legislature may change the period of such term. Cotteral v. Barber, 34 Okl. 533, 126 P. 211
(1912); Barrows v. Garvey, 67 Ariz. 202, 193 P.2d 913
(1948); Lovell v. Democratic Central Committee, 327 S.W.2d 387
(Ark., 1959); Azevedo v. Jordan, 47 Cal.Rptr. 125
(1965). It is therefore the opinion of the Attorney General that a person elected to a Board of Education on the fourth Tuesday in January, 1971, will be eligible to begin serving on the Board immediately upon the taking and subscribing to the oath of office. (Gary M. Bush)