562 P.2d 717

The ARIZONA STATE BOARD OF
DENTAL EXAMINERS, Petitioner,

v.

The Honorable Fred J. HYDER, Judge of
the Maricopa County Superior Court,
Division Two, Respondent,

and

James STEWART and George Jenkins,
d/b/a Apache Denture Clinic, Real
Parties in Interest.

No. 13032.

Supreme Court of Arizona,
In Banc.

March 9, 1977.

Bruce E. Babbitt, Atty. Gen., Phoenix, by Charles E. Buri, Tucson, for petitioner.

Schmal & Wollschlager by Gary G. Wollschlager, Phoenix, for real parties in interest.

STRUCKMEYER, Vice Chief Justice.

This is an original petition brought by the Arizona State Board of Dental Examiners pursuant to the Rules of Procedure for Special Actions, A.R.S. 17A, seeking to review a judgment of the Superior Court denying petitioner's application for an injunction for the unlawful practice of dentistry. We accepted jurisdiction pursuant to the Constitution of Arizona, Art. 6, § 5, subsec. 4. The judgment of the Superior Court of Maricopa County in Cause No. C–340509 is ordered set aside and it is further ordered that respondents, James Stewart and George Jenkins, be enjoined by the Superior Court from engaging in acts defined by law as constituting the practice of dentistry.

On October 19, 1976, petitioner herein, the State Board of Dental Examiners, filed in the Maricopa County Superior Court a complaint seeking to enjoin respondent real parties in interest, James Stewart and George Jenkins, doing business as the Apache Denture Clinic, from the unauthorized practice of dentistry and for other relief consistent with the facts alleged in its complaint. In answer to the complaint, Stewart and Jenkins admitted that they were not licensed to practice dentistry in the State of Arizona but denied that the actions of which the Arizona State Board of Dental examiners complained constituted the practice of dentistry. On December 20, 1976, the Superior Court determined that the acts did not constitute the practice of dentistry and entered judgment directing that the plaintiff's complaint be dismissed and its application for injunctive relief be denied.

Petitioner alleged that the court below acted arbitrarily, capriciously and in abuse of judicial discretion in entering a judgment favorable to respondents. Petitioner further alleged that the immediate abatement of the unlicensed practice of dentistry as set forth in its petition is essential in order to prevent irreparable harm to those portions of the public who are seeking the respondents' services.

A.R.S. § 32–1202 provides that a person is deemed to be practicing dentistry who makes any examination of the teeth, gums, jaws, oral cavity or tissues adjacent thereto in a living person with the intent to:

" * * *

2. Diagnose or treat any condition,
   * * *.

3. Take an impression.
   * * * * * *

7. Replace missing anatomy with an artificial substitute.

8. Construct, make, alter or repair an artificial substitute, restorative or corrective appliance.

9. Do any other remedial, corrective or restorative work."

The word "impression" is defined by Webster's Third New International Dictionary, Unabridged, as:

"[2.a.(3)]: a negative imprint in plastic material of the surfaces of the teeth and adjacent portions of the jaw from which a positive likeness may be produced in dentistry".

At the time of the hearing in the lower court, numerous witnesses testified that respondents took impressions of their mouths to either construct new sets of dentures or to replace parts such as missing teeth. For example, Alice Sherman testified:

"Q. They give you something to put into your mouth?

A. Yes.

Q. Did they tell you to do anything with it?
   * * * * * *

A. Yes.
   * * * * * *

A. Well, when I went back it was set up in the wax and it was fitted into my mouth * * *.

* * * * * *

Q. Did they place the dentures in your mouth and tell you to close your mouth and observe the way that they were lying in your mouth?

A. No, when they put them in my mouth, I could feel, I wasn't given a mirror to look at them or anything, I was just—they put them in and that was it."

The evidence is overwhelming and uncontradicted that respondents were practicing dentistry within the definition of the Legislature as set forth in A.R.S. § 32–1202.

Respondents urge, however, that they are simply providing a product; that "the legislature has established a clear demarcation between services provided by Dentists and the providing of a product." It is argued that the taking of an impression for the sole purpose of fabricating or relining a denture is no more than creating a product. By whatever name respondents' acts are described, whether as a product or otherwise, the making of an examination with the intent to take an impression or make a corrective appliance constitutes the practice of dentistry. Respondents analogize their product with that of eyeglasses, contact lenses, hearing aids, artificial limbs and the like, arguing that such have no specific reference and application to the healing arts. But whatever views respondents may have in this regard, the Legislature differs with them, placing the practice of dentistry in a special category.

The statute A.R.S. § 32–1269(B) provides: "In addition to penalties provided in this chapter, the courts of the state are vested with jurisdiction to prevent and restrain violations of this chapter as nuisances per se, and the county attorneys shall, and the board may, institute proceedings in equity to prevent and restrain violations."

Respondents real parties in interest contend that the State Board of Dental Examiners should be required to factually prove injury or irreparable harm as a condition precedent to the granting of injunctive relief. The answer is that the Legislature has specified that a violation of Ch. 11, Title 32 is a nuisance per se. Where a state agency has been authorized to institute proceedings in equity to prevent and restrain specified violations of the law, irreparable injury need not be shown. *Conway v. State Board of Health*, 252 Miss. 315, 173 So.2d 412 (1965); *Hoffman v. Garden State Farms, Inc.*, 76 N.J.Super. 189, 184 A.2d 4 (1962); *State (PUC) v. O.K. Transfer Co.*, 215 Or. 8, 330 P.2d 510 (1958). The showing of irreparable harm is not here a condition precedent to the granting of equitable relief. Harm is conclusively presumed from the legislative declaration.

The regulation of a profession is the exercise of the police power for the health and general welfare of the people of the State. *Funk Jewelry Co. v. State of Arizona ex rel. LaPrade, Attorney General*, 46 Ariz. 348, 50 P.2d 945 (1935) (optometry). Where the Legislature has declared that the public interest is served by requiring the practice of a profession be licensed and that attempts to act without the required license may be enjoined, the granting or denying of an injunction is not within the discretion of the trial court.

"It is next contended that the language of the act as above quoted is permissive only and leaves the matter of the granting or denying of an injunction to the discretion of the district court. This contention grows out of the language providing that in an action brought by the commission to enjoin violation of the act, 'an order or judgment *may* be entered awarding such preliminary or final injunction *as may be proper.*' The contention is without merit. The state's policy having been declared, the sole conditions for the issuance of the injunction are those fixed by the act itself. *United States v. Beatty, supra* [D.C., 88 F.Supp. 646]. And respondents were brought squarely within those conditions. There was no area for the exercise of discretion. In such cases the use of 'may' to mean 'shall' has been recognized in cases too

numerous to mention, especially where used to define the duties of public officers, and where the public interests are concerned. *Smith v. City Commission of City of Grand Rapids*, 281 Mich. 235, 274 N.W. 776." *Nevada Real Estate Commission v. Ressel*, 72 Nev. 79, 82, 294 P.2d 1115, 1116 (1956).

Nor is the granting of an injunction to be withheld when authorized by statute because the statute also provides for criminal penalties. The Legislature will not be presumed to have done a futile thing and therefore the statutory remedies will be construed as cumulative.

It is ordered the judgment in Cause No. C–340509 be set aside and that the court below grant the plaintiff's application for a temporary injunction pending final determination of the action.

CAMERON, C. J., and HAYS, HOLOHAN and GORDON, JJ., concur.