588 P.2d 299
**Leonard M. COHEN, Appellant,**

**v.**

**STATE of Arizona, State of Arizona Board of Psychologist Examiners, and Virginia K. Maresca, Chairman, Harriet Beck, Nancy Kerr, Wallace Diers, and James Biglin, Appellees.**

**No. 13675–PR.**

Supreme Court of Arizona,
En Banc.

Oct. 31, 1978.

Shoob & Zalut by Henry L. Zalut, Phoenix, for appellant.

Bruce E. Babbitt, former Atty. Gen., John A. LaSota, Jr., Atty. Gen., by J. Michael Low, Asst. Atty. Gen., Phoenix, for appellees.

HAYS, Justice.

This case involves the constitutionality of legislation relating to the certification of psychologists practicing in Arizona. For reasons to be discussed, we hold that A.R.S. § 32–2071 and § 32–2072 are invalid because they are unconstitutionally vague and ambiguous.

Appellant Leonard M. Cohen (Cohen) holds a doctorate in social science (D.S.Sc.) awarded in 1948 by the New School of Social Research in New York. He also holds a master's degree in psychology from the University of Pittsburgh earned in 1945. As directed by A.R.S. § 32–2071, Cohen applied for certification as a psychologist to the Board of Psychologist Examiners (Board). The Board denied his application and on March 1, 1974 a hearing was held on the matter. On May 28, 1974 the Board notified Cohen that his application had been denied. Thereafter Cohen commenced suit in the Superior Court of Maricopa County to overturn the decision of the Board.

The Superior Court treated the action as one for administrative review in accordance with A.R.S. § 12–901, *et seq.,* and upheld the decision of the Board as being supported by substantial evidence in the record. In a four-part opinion, the Court of Appeals reversed and remanded, 121 Ariz. 20, 588 P.2d 313.

The Court of Appeals held:

(1) that A.R.S. § 32–2071(3) and § 32–2072(A) & (D) were vague and ambiguous so as to create an unconstitutional denial of due process;

(2) that the legislature had lawfully delegated authority to the Board to adopt rules "consistent with and necessary to carry out the provisions" of the chapter. A.R.S. § 32–2063;

(3) that based on the record before them Cohen was entitled to certification;

(4) that Cohen had not timely raised the issue of whether the Board was legally constituted when it acted upon his application.

The Court of Appeals also decided without discussion that Cohen had standing to challenge the constitutionality of statutes while seeking affirmative relief under them. Subsequently, the Court of Appeals modified their order directing the Superior Court to certify Cohen, and instead, remanded the case to the Board for a determination of Cohen's qualifications for certification as a psychologist. We agree with the Court of Appeals on issues 2 and 4, and adopt their opinion (121 Ariz. 20, 588 P.2d 313, (1977)) in that regard. In all other respects the opinion is vacated.

We accepted review under 17A A.R.S. Supreme Court Rules, rule 47(b), to consider two issues:

1. Are all or some portions of A.R.S. § 32–2071 and § 32–2072 unconstitutional?

2. May the Court of Appeals remand directly to the Board?

Because this statute has been amended recently, all references are to the statute as it existed at the time of Cohen's initial application.

A.R.S. § 32–2071 sets forth criteria for issuance of a certificate as a psychologist. Specifically, it requires a "doctoral degree based on a program of studies the content of which was primarily psychological, or the substantial equivalent thereof in both subject matter and extent of training . . ." A.R.S. § 32–2071(1)(c). In addition, an applicant must pass "a satisfactory credentials examination in psychological preparation as described in § 32–2072." A.R.S. § 32–2071(3)

Under A.R.S. § 32–2072(A) the Board must evaluate the adequacy of the applicant's training and experience. Subsection D, however, provides for waiver of the examination if the applicant meets the requirements of § 32–2071(1)(a) & (b),* *and* "has a doctoral degree or equivalent thereof . . . based on a program of studies the content of which is primarily psychological, or the substantial equivalent thereof in both subject matter and extent of training, and in addition has had three years of professional experience satisfactory to the board." A.R.S. § 32–2072(D). Thus, it appears that § 32–2071(1)(c) differs from § 32–2072(D) only in the requirement of three years professional experience.

In waiving the examination requirement in § 32–2072(D), the legislature has distinguished those applicants who have had three years of professional experience from those who do not. Yet the distinction is one without a difference. Those applicants with three years professional experience must meet similar, if not identical, academic requirements as the others. A psychologist, such as Cohen, with professional experience is to be judged by the same standard as one with no experience. This seemingly pointless redundancy creates unwarranted ambiguity.

---

* The original text referred to § 32–2071(a)(1), (b) & (c) as well as a later reference to § 32–2071(1)(c). The reviser corrected these citations to refer to § 32–2071(a)(1) & (b) and § 32–2071(1)(c) respectively. A.R.S. § 32–2072(D), Reviser's Note. We accept his revisions as being correct.

For aid in interpretation we must thus turn to the overall purposes and aims of the legislature in enacting the statute in order to glean the legislative intent—the cardinal rule of statutory construction. *Long v. Dick,* 87 Ariz. 25, 28, 347 P.2d 581, 583 (1959). In that regard we should consider the overall policy of the legislature as expressed in the statute. *Adams v. Bolin,* 77 Ariz. 316, 320, 271 P.2d 472, 474 (1954). We can surmise that the legislature intended to provide two means of certification: one, set forth in § 32–2071(1)(c), which is purely academic, and another for those with lesser academic credentials but with compensating experience. The result, however, has not been achieved for the reasons noted above. Hence, we are faced with the problem of whether the ambiguity in the statute rises to the level of constitutional informity.

At the outset we note that it is the duty of a court in construing a statute to strive to uphold it whenever possible. *State v. A. J. Bayless Markets, Inc.,* 86 Ariz. 193, 197, 342 P.2d 1088, 1090 (1959); *Hernandez v. Frohmiller,* 68 Ariz. 242, 249, 204 P.2d 854, 859 (1949). Nevertheless, a court should avoid legislating a particular result by judicial construction. *State v. General Daniel Morgan Post No. 548, V. F. W.,* 144 W.Va. 137, 107 S.E.2d 353, 358 (1959).

Although usually discussed in the context of first amendment or criminal cases, indefiteness in any statute may constitute an unconstitutional denial of due process of law as guaranteed by the fourteenth amendment of the United States Constitution and article 2, § 4 of the Arizona Constitution when it is so vague that men of common intelligence must guess at its meaning and differ as to its application. *Southwest Engineering Co. v. Ernst,* 79 Ariz. 403, 413, 291 P.2d 764, 770–71 (1955). Furthermore, the statutory language must be sufficiently definite so that those who are to execute the law may do so in a rational and reasoned manner. *Southwest, supra; Hernandez v. Frohmiller, supra.* In this case there is some indication that the Board, in judging the adequacy of Cohen's training and experience pursuant to § 32–2072(A), used either § 32–2071(1)(c) or § 32–2072(D), or both, as a guide, *i. e.,* the Board equated adequacy of training and experience with possession of a doctoral degree in psychology or the substantial equivalent thereof. Given the vagueness of the legislative directive, the Board's interpretation was reasonable.

Before we declare that a statute is unconstitutional, we must apply the rule of severability. An entire statute need not and should not be declared unconstitutional if the constitutional portions can be separated. *Selective Life Ins. Co. v. Equitable Life Assurance Soc.,* 101 Ariz. 594, 599, 422 P.2d 710, 715 (1967). The test for severability is again one of ascertaining the legislative intent. *Barrows v. Garvey,* 67 Ariz. 202, 204, 193 P.2d 913, 914 (1948). Since we have determined that the language of the statuté belies the entire statutory scheme, and in particular, that § 32–2072(A) is at best vague, and at worst, an unconstitutional delegation of legislative authority, *see Hernandez, supra,* we hold that the constitutional sections of the statute cannot be severed from the unconstitutional portions. Therefore, both § 32–2071 and § 32–2072, because of vagueness and ambiguity, are an unconstitutional denial of due process in violation of the 14th amendment of the United States Constitution and article 2, § 4 of the Arizona Constitution. *See Southwest, supra.*

Both the United States and the Arizona Constitutions forbid *ex post facto* laws, U.S.Const. art. I, § 9; Ariz. Const. art. 2, § 25, but these prohibitions apply only to statutes dealing with criminal matters. *Ray v. Rambaud,* 103 Ariz. 186, 188, 438 P.2d 752, 754 (1968). On the other hand, in Arizona, statutes dealing with civil matters may not be applied retroactively in the absence of a specific provision to that effect. A.R.S. § 1–244. No such prohibition, however, applies to laws that operate on pre-existing conditions, and such laws are not retrospective by their mere relation to antecedent conditions. *AFL v. American Sash & Door Co.,* 67 Ariz. 20, 39, 189 P.2d 912, 925 (1948), *aff'd,* 335 U.S. 538, 69 S.Ct. 258,

**10**

93 L.Ed. 222 (1949). Cohen has acquired no vested rights under the prior legislation. Furthermore, it is well established that the right to pursue a profession is subject to the paramount right of the state under its police powers to regulate business and professions in order to protect the public health, morals and welfare. *Arizona State Board of Dental Examiners v. Hyder,* 114 Ariz. 544, 546, 562 P.2d 717, 719 (1977). Therefore, by virtue of our ruling that § 32–2071 and § 32–2072 are unconstitutional, we hold that Cohen must reapply for certification in accordance with § 32–2071 and § 32–2072 as amended.

■ Finally, we address the issue of the propriety of remanding this case directly to the Board. Under Rule 14(a) mandates are to be issued to the trial court. A.R.S. 17A, Supreme Court Rules, rule 14(a). Accordingly, the case is remanded to the Superior Court which, in turn, may remand the case to the Board for further proceedings. *See City of Tucson v. Mills,* 114 Ariz. 107, 110, 559 P.2d 663, 666 (App.1976).

CAMERON, C. J., and HOLOHAN and GORDON, JJ., concur.

STRUCKMEYER, Vice Chief Justice, concurring in the result:

I am of the opinion that while the language of the statute is unartful, the legislative scheme for certifying psychologists can be ascertained. I do not, therefore, believe that A.R.S. §§ 32–2071 and 32–2072 are unconstitutionally vague and unconstitutionally delegate legislative authority nor that there is a denial of due process. Because the present action is mooted by repeal of the 1974 statutes, it is unnecessary to detail further my views as to the constitutionality of the former act.

I agree that since Cohen did not have a vested right in the legislative act existing at the time of his application for certification, this matter should be sent back so that he may re-apply pursuant to Ch. 99 of the 33rd Legislature, 1978 Regular Session, if he so desires.

I concur in the result only.