637 P.2d 1092

**In the Matter of the APPEAL IN MARICOPA COUNTY JUVENILE ACTION NO. A–25646.**

**No. 1 CA–JUV 168.**

Court of Appeals of Arizona, Division 1, Department B.

Dec. 10, 1981.

John L. Wiehn, Phoenix, for appellant.

Stephens & Toles, P. C. by M. Jeremy Toles, Phoenix, for respondent.

## OPINION

CORCORAN, Judge.

The sole issue on this appeal is whether the juvenile court has jurisdiction to consider a petition to adopt a minor who turned 18 years of age before a hearing on the petition was held.

This action arose out of a petition to adopt Timothy, filed by his natural father, Timothy, Sr., and a stepmother, Patricia (petitioners). These petitioners also sought, by separate petition, to terminate the parental rights of Timothy's mother, Janette (respondent) to facilitate the adoption of Timothy by his stepmother. The same petitions applied to Timothy's younger brother Richard.

At the time of filing both the adoption and the termination petitions Timothy was 17 years of age and Richard was 16 years of age. The termination proceeding was continued several times, and when the termination hearing was finally held, Timothy was 18 years of age. The juvenile court ruled it had no jurisdiction over Timothy and therefore dismissed the petition for termination of parental rights as to him. The juvenile court relied on A.R.S. § 8–531(3). The court further found that the respondent had abandoned Richard and terminated her parental rights as to him. The trial court's judgment in this regard was affirmed by this court and the adoption of Richard was subsequently ordered by the juvenile court. The juvenile court dismissed the petition to adopt Timothy, on the ground that the termination of parental rights of the natural mother had previously been denied. It is from this dismissal that the petitioner appeals.

The right to adopt was unknown at common law. *In re Webb's Adoption*, 65 Ariz. 176, 177 P.2d 222 (1947). Such right being in derogation of the common law, adoption statutes should receive strict construction, particularly respecting the court's jurisdiction. *Westerlund v. Croaff*, 68 Ariz. 36, 198 P.2d 842 (1948).

The jurisdiction to order adoption is vested in the juvenile division of the superior court of the county where the petitioners reside. A.R.S. § 8–104; A.R.S. § 8–101(6). Therefore, the juvenile division of the Superior Court of Maricopa County is the proper venue and that court had jurisdiction to enter an order of adoption in this matter. However, before a particular juvenile court can order an adoption in a given case, all the conditions enumerated in the adoption statutes as being essential to the court's jurisdiction must be met. *Hughes v. Industrial Commission*, 69 Ariz. 193, 211 P.2d 463 (1949).

A.R.S. § 8–102 provides that "[a]ny child, or a foreign-born person twenty-one years of age or less who is not an illegal alien, who is present within this state at the time the petition for adoption is filed may be adopted."

The fact that adoption statutes use the word "child" would not necessarily be conclusive in favor of the position that only a minor child can be adopted pursuant to it, were there not another statute defining the word "child." Several courts have construed statutes using the word "child" as permitting the adoption of an adult, on the theory that the word "child" is used as a term of relationship with the parent and not to connote age. *See* 21 A.L.R.3d 1012 (1968). This construction is not possible under our statutory scheme. A.R.S. § 8–101(3), clearly defines the word "child."

"Child" means any person under eighteen years of age.

This is consistent with other definitions in Title 8 of the Arizona Revised Statutes dealing with children: A.R.S. § 8–201(5),

Juvenile Court; A.R.S. § 8–531(3), Termination of Parent-Child Relationship; and A.R.S. § 8–546 A(3), Protective Services. It is also consistent with the definitions of "child," "adult," "minor" and "majority" generally applicable to the statutes and laws of this state. A.R.S. § 1–215.

Therefore, we hold that the juvenile court does not have jurisdiction to order the adoption of a person 18 years of age or older.

■■■ The petitioners further contend that the superior court has jurisdiction to order the adoption of Timothy because the petition for his adoption was filed while he was a minor. We find no merit in this contention. To enter a valid judgment a court must have jurisdiction to enter the particular judgment rendered. *Bates v. Bates*, 1 Ariz.App. 165, 400 P.2d 593 (1965).

The jurisdiction of the superior court to order Timothy's adoption terminated when he reached 18 years of age.

The superior court's order of dismissal is affirmed.

JACOBSON, P. J., and YALE, McFATE, Judge (Retired), concur.

NOTE: The Honorable YALE McFATE was authorized to participate in this case by the Chief Justice of the Arizona Supreme Court pursuant to Ariz.Const. art. VI, § 20.