806 P.2d 900

**ARIZONA STATE BOARD OF DENTAL EXAMINERS,**
**Petitioner,**

v.

**The Honorable Lawrence H. FLEISCH-MAN, a Judge for the Superior Court of the State of Arizona, County of Pima, Respondent,**

**and**

**Roger W. EVANS; Dave Thomas and Treavor Neate, Real Parties in Interest.**

No. 2 CA–SA 90–0134.

Court of Appeals of Arizona, Division 2, Department A.

Sept. 28, 1990.

Reconsideration Denied Nov. 7, 1990.

Review Denied March 19, 1991.

Robert K. Corbin, Atty. Gen. by Anthony B. Ching and Paula S. Bickett, Phoenix, for petitioner.

Law Offices of Michael S. Halladay, II by Michael S. Halladay, II, Scottsdale, for real parties in interest.

OPINION

LACAGNINA, Judge.

This special action was taken from the order of the trial court declaring unconstitutional and severable that portion of A.R.S. § 32–1296 which requires that applicants to take an examination to be certified to practice denture technology have a diploma in denture technology granted by a school accredited by petitioner, the Arizona State Board of Dental Examiners (Board). The petition also challenges the trial court's refusal to stay the judgment and its order requiring the Board to administer an examination to the real parties in interest no later than August 24, 1990. We conclude that the trial court abused its discretion and acted in excess of its jurisdiction in declaring the statute unconstitutional and in ordering the Board to administer the examination. Because the Board has no equally plain, speedy and adequate remedy by way of appeal, we accept jurisdiction and grant relief.

In 1978, the legislature enacted statutes authorizing the practice of denture technology. Laws 1978, ch. 134. Under A.R.S. § 32–1293(B):

B. A person is deemed to be practicing denture technology who:

1. Takes impressions and bite registrations for the purpose of or with a view to the making, producing, reproducing, construction, finishing, supplying, altering or repairing of complete upper or lower prosthetic dentures or both, or re-

movable partial dentures for the replacement of missing teeth.

2. Fits or advertises, offers, agrees or attempts to fit any complete upper or lower prosthetic denture, or both, or adjusts or alters the fit of any full prosthetic denture, or fits or adjusts or alters the fit of removable partial dentures for the replacement of missing teeth.

Prior to the passage of this legislation, persons other than dentists were not permitted to practice denture technology. *See Arizona State Board of Dental Examiners v. Hyder,* 114 Ariz. 544, 562 P.2d 717 (1977). Under the act, applicants must pass an examination in order to be certified to practice denture technology. *See* A.R.S. § 32–1295(A)(4). However, in order to be eligible to take the examination, an applicant must:

1. Be of good moral character.

2. Hold a high school diploma or its equivalent.

3. Hold a diploma in denture technology granted by a school accredited by the board.

A.R.S. § 32–1296.

Also relevant to this litigation is section 7 of chapter 134, under which the legislature provided for "temporary restricted certificates." In pertinent part, this section provided:

A. It is the intent of this section to provide a vehicle for initially implementing this act. Temporary restricted certificates for provisional denturists are provided for in strictly limited situations involving closer supervision by a dentist and allowing a more limited field of practice than will be allowed to certified denturists. These temporary restricted certificates are intended to be held only by those studying to become certified denturists. The board may, by rule and regulation, supplement the requirements and limitations of this section in order to carry out such intent.

B. Within fifteen weeks after the effective date of this act, a preliminary examination in certain aspects of denture technology shall be given by the board....

C. To be eligible to take the preliminary examination, an applicant shall:

1. Be of good moral character.

2. Be twenty-one years of age or over.

3. Be a resident of the state of Arizona.

4. Have attended and completed a twelve-week course of study in denture technology offered or approved by the board.

5. Demonstrate to the satisfaction of the board that he or she has the equivalent of five years experience as a dental laboratory technician.

D. Temporary restricted certificates as provisional denturists shall be issued to applicants who pass the preliminary examination upon proof that the applicant has enrolled in a denture technology course of study approved by the board pursuant to §§ 32–1295 and 32–1297, Arizona Revised Statutes.

\* \* \* \* \* \*

F. The board, by rule and regulation, shall recognize a shortened curriculum for holders of temporary restricted certificates, leading to a diploma satisfying the requirements of §§ 32–1296 and 32–1297, Arizona Revised Statutes. Accreditation of such a shortened curriculum shall be based on a recognition of the skills and knowledge tested in the preliminary examination.

Pursuant to this section, it appears that 33 individuals received temporary restricted certificates, received passing grades in a shortened curriculum approved by the Board at Phoenix College and Maricopa Technical College, passed the Board's examination and were licensed as denturists.

In 1986, the Board received applications from four individuals who had diplomas in denture technology from a Canadian institution. Following a review of the institution, the Board granted it accreditation for one year. Two of the applicants passed the examination and were licensed in Arizona. Apparently, however, the institution never applied for permanent accreditation. In fact, no institution has ever applied for

accreditation, and the parties agree that there is presently no accredited school or program of denture technology anywhere in the United States, nor has there been since the statute was enacted.

The real parties in interest filed separate declaratory judgment actions which were subsequently consolidated. Their complaints alleged that they had applied to take the denturist examination but that their applications were denied solely because they had not obtained a diploma from a denture technology school accredited by the Board. Because no such school ever existed, they alleged that the condition created by A.R.S. § 32–1296(3) was a legal impossibility and therefore unconstitutional. The complaints sought, inter alia, declaratory relief to that effect and an order requiring the Board to administer the examination to them.

The real parties in interest then filed a "Motion for Declaratory Judgment" setting forth the basis for their constitutional arguments. Although their arguments are intertwined, the basic points are 1) the creation of a condition with which it is impossible to comply deprives them of their fundamental right to follow their chosen profession, and therefore due process; 2) the effect of the statute is to create an unlawful monopoly; 3) permitting the previously mentioned applicants to sit for the examination without the required diploma, but denying the real parties in interest the same opportunity, constitutes a denial of equal protection; and 4) the statute constitutes unlawful special legislation. The Board responded and filed a cross-motion for summary judgment on the ground that the complaint failed to state a claim upon which relief could be granted. The trial court granted the motion of the real parties in interest and, further, found that § 32–1296(3) was severable from the remainder of the legislation. It therefore ordered the Board to administer the examination to the real parties in interest not later than August 24, 1990. This special action followed.

Our review in this case is complicated by the fact that the trial court gave no explanation for its ruling and the real parties in interest have cited little or no relevant authority in support of their arguments. We begin, as we must, with a recognition of our duty to construe the statute, if possible, to give it a reasonable and constitutional meaning. *Arizona Downs v. Arizona Horsemen's Foundation*, 130 Ariz. 550, 637 P.2d 1053 (1981).

■ Since at least the decisions of the United States Supreme Court in *Williamson v. Lee Optical of Oklahoma*, 348 U.S. 483, 75 S.Ct. 461, 99 L.Ed. 563 (1955), and *Ferguson v. Skrupa*, 372 U.S. 726, 83 S.Ct. 1028, 10 L.Ed.2d 93 (1963), it has been settled constitutional law that legislation having a rational relationship to a legitimate end of government is not subject to challenge as violative of the guarantees of substantive due process or equal protection. It is equally well settled that "the right to pursue a profession is subject to the paramount right of the state under its police powers to regulate business and professions in order to protect the public health, morals and welfare." *Cohen v. State*, 121 Ariz. 6, 10, 588 P.2d 299, 303 (1978). The requirement that those persons desiring to practice in a health-related profession, such as denture technology, have obtained a diploma from an accredited educational institution in that field is clearly rationally related to the goal of preventing unskilled persons from practicing in this field. The wisdom of continuing to require this prerequisite to examination when no such institutions presently exist, while perhaps "unwise, improvident, or out of harmony with a particular school of thought," *Williamson*, 348 U.S. at 488, 75 S.Ct. at 464, is nevertheless a matter to be addressed to the legislature and not the courts.

■ With no citation of authority and no evidence, the real parties in interest argued to the trial court that the statute creates an unlawful monopoly. All that the statute requires is that denturists be qualified by their education before they seek to practice in an area previously restricted to dentists. That the legislature chose to "initially implemen[t] this act" by providing on a tem-

porary basis for a shortened, accredited training program meeting the requirements of the statute does not lead to the conclusion that the legislation conferred a monopoly on those who became licensed thereunder simply because no institution subsequently applied to the Board for accreditation.

■ Nor does the act violate the prohibition against special legislation.

> A special law applies only to certain members of a class or to an arbitrarily defined class which is not rationally related to a legitimate legislative purpose.... If a statute is plainly intended for a particular case and looks to no broader application in the future, it is a special law.... But a law is not special simply because it may have only a limited application. Such a law will be general if it applies to all cases and to all members of the specified class to which the law is made applicable.

*Arizona Downs,* 130 Ariz. at 557–558, 637 P.2d at 1060–1061 (citations omitted). In this case, the legislature permitted a rationally defined class of persons to take the licensure examination upon successful completion of a curriculum which met the requirements of the statute and was accredited by the Board. This procedure was rationally related to a legitimate legislative purpose, that is, permitting qualified persons to become licensed during the interim in which it was presumably anticipated that institutions offering programs in denture technology would become accredited by the Board. The fact that the anticipated condition did not subsequently materialize does not render the temporary licensing provision a form of special legislation.

Finding no basis for the trial court's judgment declaring A.R.S. § 32–1296(3) unconstitutional, we vacate this court's order and remand with directions to enter judgment in favor of the Board.

LIVERMORE, P.J., and HATHAWAY, J., concur.