928 P.2d 735

In the Matter of the ESTATE OF
Donald Lee RYAN, Deceased.

Tracy CHAMPAGNE, Personal
Representative–Appellee,

v.

Donna RYAN and Donald Ryan, parents
of Donald Lee Ryan Deceased,
Respondents–Appellants.

No. 1 CA–CV 96–0193.

Court of Appeals of Arizona,
Division 1, Department B.

Dec. 3, 1996.

Jaburg & Wilk, P.C. by Roger L. Cohen and Kathi M. Sandweiss, Phoenix, and Chester A. Yon, P.C. by Chester A. Yon, Fountain Hills, Richard C. Erickson, Co–Counsel, Scottsdale, for Personal Representative–Appellee.

Fenton J. McDonough, Scottsdale, for Respondents–Appellants.

## OPINION

GERBER, Judge.

In this inheritance case, Donna and Donald Ryan (the Ryan parents), parents of decedent Donald Lee Ryan (Donald Ryan), appeal the trial court's grant of summary judgment in favor of Tracy Champagne (Ms. Champagne), personal representative of her son Trevor Jon Champagne (Trevor). The sole issue before us concerns whether adoption by a stepparent severs a child's inheritance rights from the biological parent. For reasons that follow, we hold that adoption does not sever such inheritance rights. We accordingly affirm the trial court's grant of summary judgment.

## FACTS AND PROCEDURAL HISTORY

The material facts are undisputed. Trevor was born to Ms. Champagne and Donald Ryan, who were unmarried. Ms. Champagne later married Brentley James Champagne (Mr. Champagne) who subsequently adopted Trevor. Donald Ryan died intestate with no descendants other than his biological son Trevor. His only other heirs were his parents, the appellants in this case.

Following Donald Ryan's death, the Ryan parents filed this action to probate his estate. They alleged that he had no spouse or children and that they were his only heirs. Ms. Champagne, acting on behalf of Trevor, then filed a petition for adjudication of intestacy, determination of heirs, and appointment of what she termed a "personal representative," plus a petition to remove the court-appointed "personal representative." The personal representative filed a motion for summary judgment in which the Ryan parents joined. They argued that the Ryan parents were Donald Ryan's sole heirs and that because Trevor had been adopted by his stepfather, Trevor no longer was an heir of Donald Ryan. Trevor filed a response in opposition. In denying the personal representative's motion, the trial court ruled that Trevor was entitled to inherit from Donald Ryan despite the adoption. It entered an order of intestacy, determination of heirs, and appointment of Ms. Champagne as personal representative. The Ryan parents filed this timely appeal. We have jurisdiction pursuant to Arizona Revised Statutes Annotated (A.R.S.) section 12–2101(J).

## DISCUSSION

Unknown to the common law, adoption from its origins has been a statutory creation entirely subject to legislation. *In re Webb's Adoption*, 65 Ariz. 176, 179, 177 P.2d 222, 223–24 (1947); *Maricopa County Juvenile Action No. A–25646*, 130 Ariz. 589, 590, 637 P.2d 1092, 1093 (App.1981); *Anguis v. Superior Court*, 6 Ariz.App. 68, 72, 429 P.2d 702, 706 (1967). The legislature continues to have the power to define and regulate adoption. *Young v. Bridges*, 86 N.H. 135, 165 A. 272, 274 (1933).

In 1970, the Arizona Legislature enacted the following adoption statute:

> Upon entry of the decree of adoption, the relationship of parent and child between the adopted person and the persons who were his parents just prior to the decree of adoption shall be completely severed and all the legal rights, privileges, duties, obligations and other legal consequences of the relationship shall cease to exist, including the right of inheritance, except that where the adoption is by the spouse of the child's parent, the relationship of the child to such parent shall remain unchanged by the decree of adoption.

A.R.S. § 8–117(B) (Laws 1970, Ch. 205, § 2). This statute ends the legal relationship between an adopted child and the child's severed biological parent.

Effective in 1995, the Legislature adopted changes to the Uniform Probate Code to add a seemingly different statute:

An adopted person is the child of that person's adopting parent or parents and not of the natural parents. *Adoption of a child by the spouse of either natural parent has no effect on the relationship between the child and that natural parent or on the right of the child or a descendant of the child to inherit from or through the other natural parent.*

A.R.S. § 14–2114(B) (Laws 1994, Ch. 290, § 6, effective Jan. 1, 1995)(emphasis added).

In adding A.R.S. section 14–2114(B) the legislature did not repeal section 8–117(B). Section 14–2114(B) became effective on January 1, 1995. Donald Ryan died on March 19 of that same year.

## A. Retroactivity

■ We must first determine which of these two statutes applies. On November 16, 1992, when Mr. Champagne adopted Trevor, section 14–2114(B) did not exist. Under A.R.S. section 8–117(B), the legal rights between Trevor and Donald Ryan, including the right of inheritance, had "cease[d] to exist." The Ryan parents argue that applying the more recent section 14–2114(B) contravenes A.R.S. section 1–244 which provides that no statute is retroactive "unless expressly declared therein."

■ The ability to take property by intestate succession is not a natural or immutable right. *In re Simmons' Estate,* 64 Cal.2d 217, 49 Cal.Rptr. 369, 411 P.2d 97, 100 (1966); *In re Broders' Estate,* 224 Or. 165, 355 P.2d 738, 741 (1960); 26A C.J.S. *Descent & Distribution* § 2 (1956); 23 Am.Jur.2d *Descent & Distribution* § 9 (1983). The legislature may define the child's legal status vis-à-vis both the biological father and the adoptive stepfather and may change that definition.

■ More importantly, the right to inherit by intestate succession does not vest until the decedent's death. *See Newhall v. McGill,* 69 Ariz. 259, 262–63, 212 P.2d 764, 766 (1949). Changes in inheritance laws are effective as to any unvested inheritance right. *Jefferson v. Fink,* 247 U.S. 288, 294,

38 S.Ct. 516, 518, 62 L.Ed. 1117 (1918); 26A C.J.S. *Descent & Distribution* § 6; 23 Am. Jur.2d *Descent & Distribution* § 10.

■ Generally, the adoptee's right to an inheritance results from the law in force at the time of the decedent's death rather than the law existing at the time of the adoption. *E.g., Aldridge ex rel. Aldridge v. Mims,* 118 N.M. 661, 884 P.2d 817, 819 (App.1994); *In re Mooney's Estate,* 395 So.2d 608, 609 (Fla. App.1981). *See* 2 Am.Jur.2d *Adoption* § 197 (1994) (the majority applies the law in existence at the time of death; a minority applies the law as it stood at the time of the adoption). *See also* C.R. McCorkle, Annotation, *What Law, in Point of Time, Governs as to Inheritance from or through Adoptive Parent,* 18 A.L.R.2d 960 (1951) (citing cases going both ways). Because the legal right to inherit does not vest until the decedent's death, we find the majority view more logical.

■ A statute is retroactive if it takes away or impairs vested rights acquired under existing laws or creates new obligations with respect to past transactions. *See State v. Martin,* 59 Ariz. 438, 445–46, 130 P.2d 48, 51 (1942). Because the right to an inheritance vested not at adoption but only when Donald Ryan died, section 14–2114(B) is neither retroactive to the date of adoption nor does it deny any vested inheritance right. *Cf. American Fed'n of Labor v. American Sash & Door Co.,* 67 Ariz. 20, 39, 189 P.2d 912, 925 (1948) ("a statute is not retroactive merely because it relates to antecedent facts"), *aff'd,* 335 U.S. 538, 69 S.Ct. 258, 93 L.Ed. 222 (1949). Stated differently, the logic of vesting requires the inheritance right to flow from the law existing at time of death rather than at the time of adoption.

## B. Reconciliation of the Statutes

■ We next must construe the statutes to determine whether Trevor may inherit in these circumstances. This court gives effect to the legislature's intent as found in the words of the statute. *Arizona State Board of Accountancy v. Keebler,* 115 Ariz. 239, 240, 564 P.2d 928, 929 (App.1977). Statutory interpretation is an issue of law which

we review de novo. *Id.* We read statutes in harmony to avoid leaving any part of them "superfluous, void, contradictory or insignificant." *State v. Cid,* 181 Ariz. 496, 499, 892 P.2d 216, 219 (App.1995), citing *State v. Johnson,* 171 Ariz. 39, 42, 827 P.2d 1134, 1137 (App.1992), quoting *State v. Arthur,* 125 Ariz. 153, 155, 608 P.2d 90, 92 (App.1980).

Section 8–117(B) and section 14–2114(B) can be harmonized. The statutes address in tandem different facets of adoption. Section 8–117(B) states that when a child is adopted by a step-parent, the child's legal relation to the non-severed biological parent remains constant. Section 14–2114(B) addresses the other biological parent: it provides that the child does not lose the right to inherit from the biological parent whose parental rights were otherwise terminated by adoption. In a word, both statutes mean that an adopted child retains inheritance rights from both biological parents.

## CONCLUSION

The trial court properly applied A.R.S. section 14–2114(B) in holding that Trevor was Donald Ryan's heir. For the reasons given, the trial court's ruling is affirmed.

PATTERSON, P.J., and LANKFORD, J., concur.