993 P.2d 453

STATE of Arizona, ex rel. Richard
M. ROMLEY, Maricopa County
Attorney, Plaintiff–Appellee,

v.

Honorable Ron JOHNSON, Pro Tem Jus-
tice of the Peace, East Phoenix # 1 Jus-
tice Court, Maricopa County, Defendant,

Eric J. Hickling, Defendant/Real
Party in Interest–Appellant.

No. 1 CA–CV 97–0272.

Court of Appeals of Arizona,
Division 1, Department E.

Sept. 29, 1998.

Review Denied April 12, 1999.

Richard M. Romley, Maricopa County At-
torney by Richard L. Nothwehr, Deputy
County Attorney, Phoenix, for Plaintiff-Ap-
pellee.

Law Offices of Weingart & Penrod by
Martin G. McAuliffe, Mark N. Weingart,
Tempe, for Defendant/Real Party in Inter-
est-Appellant.

OPINION

PATTERSON, Judge.

¶ 1  Appellant appeals from the superior
court's special action ruling that a justice
court may summon jurors from outside its

precinct in criminal cases, as long as those jurors are summoned using the methods provided in Arizona Revised Statutes Annotated (A.R.S.) section 21–331(A). For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶ 2 Eric Hickling (appellant), the real party in interest, was arrested in Phoenix and was charged with misdemeanor driving under the influence of alcohol. His case was assigned to the East Phoenix No. 1 Justice Court. When the case came to trial, appellant objected to the jury pool because the pool contained members who were not residents of the East Phoenix No. 1 precinct. The justice court ruled that the jurors must come from within the precinct and postponed the trial.

¶ 3 The state filed a special action in Maricopa County Superior Court challenging the justice court's ruling. The superior court accepted jurisdiction and granted relief, holding that, given the method by which the jury pool was summoned, the jurors for appellant's trial must only be residents of Maricopa County. The superior court stated that

[t]he clear import of A.R.S. § 21–331 is to allow justice courts either to take advantage of the county-wide qualified juror list maintained by the jury commissioner of each county or, if the justice court wishes, to summon its own jurors from within the precinct. These statutes do not require that the list of prospective jurors sent to the justice court from the jury commissioner consists [sic] only of residents of the precinct.

Appellant appeals the superior court's ruling. We have jurisdiction under A.R.S. section 12–2101(B).

## DISCUSSION

¶ 4 Appellant challenges both the superior court's decision to accept special action jurisdiction and its decision on the merits.

## I. SPECIAL ACTION JURISDICTION

¶ 5 The superior court's decision to accept special action jurisdiction will be upheld absent an abuse of discretion. *Bilagody v. Thorneycroft*, 125 Ariz. 88, 92, 607 P.2d 965, 969 (App.1979). Appellant argues that the state failed to provide a sufficient factual record. He asserts that the complaint filed by the state was deficient because it alleged facts without providing a record to support them. We find no merit in this argument. The complaint for special action "*may* be verified or accompanied by affidavits or other written proof." Ariz. R.P. Special Actions (Rule) 4(d) (emphasis added). A trial is necessary only if there are triable issues of fact. Rule 4(f). Appellant does not deny the state's allegations. Because the state had no plain, speedy and adequate remedy by appeal from the justice court's decision, special action relief was warranted. *See* Rule 1(a). The superior court did not abuse its discretion in accepting special action jurisdiction.

## II. COMPOSITION OF JURIES IN JUSTICE OF THE PEACE COURTS

¶ 6 Appellant argues that the jurors in a justice court trial must be residents of that justice of the peace precinct.[1] He relies on the juror qualification statute, which requires that the juror "[b]e a resident of the jurisdiction in which he is summoned to serve." A.R.S. § 21–201(2). The question we face is whether A.R.S. section 21–201(2) is satisfied if the juror is a resident of the county in which the justice court sits. We hold that it is.

¶ 7 A justice court can use either of two sources for its jury pool. First, the justice court may summon jurors from the county's master jury list. A.R.S. § 21–331(E). The presiding judge of the superior court may order the county jury commissioner to draw

---

1. The Sixth Amendment to the United States Constitution provides: "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law." The Arizona Constitution provides a criminal defendant with the right "to have a speedy public trial by an impartial jury of the county in which the offense is alleged to have been committed." Ariz. Const. art. II, § 24.

prospective jurors for justice courts and municipal courts if an inter-governmental agreement exists. *Id.* However, the statute does not require that the county jury commissioner separate the lists by districts within the county.[2]

¶ 8 Alternatively, section 21–331(C) provides a way for the municipal and justice courts to summon their own jurors. It provides as follows:

> If jurors are required by a justice court or municipal court, in addition to the method of summoning jurors pursuant to subsection A of this section the jurors, on written order of the justice of the peace or magistrate of the court, may be summoned by the sheriff, constable, marshal, policeman or court of that jurisdiction *from among the residents of the city, town or precinct who are competent to serve as jurors.*

A.R.S. § 21–331(C) (emphasis added).[3]

■ ¶ 9 Statutes relating to the same or similar subjects "should be read in connection with, or should be construed together with other related statutes, as though they constituted one law." *State ex rel. Larson v. Farley,* 106 Ariz. 119, 122, 471 P.2d 731, 734 (1970). Furthermore, "[a]s they must be construed as one system governed by one spirit and policy, the legislative intent therefor must be ascertained not alone from the literal meaning of the wording of the statutes but also from the view of the whole system of related statutes." *Id.*

¶ 10 Reading A.R.S. sections 21–331 and 21–201 in harmony, the superior court held that when the justice court uses a county-wide qualified juror list pursuant to A.R.S. section 21–331(E), section 21–201 does not preclude the use of jurors who are from the same county, but from different precincts. In its minute entry, the superior court stated that "Justices [sic] of the peace courts are county courts, and the jurisdiction of a justice of the peace is not limited by the boundaries of the precinct." (Citation omitted.) We agree with the superior court.

■ ¶ 11 Finally, A.R.S. section 22–426(B) provides as follows: "Only persons residing within the city limits are eligible for jury service in municipal court." Under appellant's argument, A.R.S. section 21–201(2) would require municipal court jurors to be residents of the municipality, rendering the specific residency requirement of A.R.S. section 22–426(B) redundant. Such a construction should be avoided. "Whenever possible, a statute will be given such an effect that no clause, sentence, or word is rendered superfluous, void, contradictory or insignificant." *State v. Arthur,* 125 Ariz. 153, 155, 608 P.2d 90, 92 (App.1980); *see also In re Estate of Ryan,* 187 Ariz. 311, 314, 928 P.2d 735, 738 (App.1996).

¶ 12 Thus, the disparate treatment of jurors in the justice courts and the municipal courts is further evidence of the legislature's intent to not limit the jury pool by precinct. The statutes specifically require municipal court jurors to be municipal residents, whether they are summoned by the general method of A.R.S. section 21–331(A) or especially for the municipal court under A.R.S. section 21–331(C). The legislature made no such residency requirement for justice courts.

---

2. Prospective jurors are selected at random from the county's master jury list. A.R.S. § 21–301(A). The county jury commissioner maintains the county's master jury list, which is derived from voter registration and driver's license lists of "eligible persons who reside in the county." A.R.S. § 21–301(B). The presiding judge of the superior court must obtain from the jury commissioner sufficient names of prospective jurors to handle upcoming trials. A.R.S. § 21–311. These names must come from the master jury list. A.R.S. § 21–312. The list of names of those drawn from the master list that qualify for jury service is designated the "qualified juror list." A.R.S. § 21–321.

3. This section comports with a statute which deals specifically with criminal trials in justice courts:

> Upon demand being made for a jury trial, the justice of the peace or presiding officer of a police court shall issue an order directed to the sheriff of the county, or to any constable, marshal, policeman or member of the court staff to summon the number of qualified persons specified in the order to appear at the time and place therein fixed to serve as jurors in the action. If the required number of jurors do not appear, an additional order or orders may be issued.

A.R.S. § 22–320(B).

¶ 13 Therefore, we agree with the superior court that if the justice of the peace elects to summon jurors under A.R.S. section 21–331(C), the jurors must be residents of the precinct. However, when the justice court proceeds under the county-wide selection system under A.R.S. section 21–331(A), no such limitation exists and the jurors need only be county residents.

## CONCLUSION

¶ 14 The judgment is affirmed.

CONCURRING: EDWARD C. VOSS, Judge, and NOEL FIDEL, Judge.