985 P.2d 551

**Tore HANSSON, D.D.S.,**
**Plaintiff–Appellee,**

v.

**ARIZONA STATE BOARD OF DENTAL EXAMINERS, Defendant–Appellant.**

**No. 1 CA–CV 97–0500.**

Court of Appeals of Arizona,
Division 1, Department B.

Dec. 3, 1998.

Reconsideration Denied Jan. 13, 1999.

Review Denied Sept. 21, 1999.

Broening, Oberg, Woods, Wilson & Cass by James R. Broening and Michael M. Haran, Phoenix, Attorneys for Plaintiff–Appellee.

Grant Woods, The Attorney General by Mary DeLaat Williams, Assistant Attorney General, Phoenix, Attorneys for Defendant–Appellant.

## OPINION

THOMPSON, Presiding Judge.

¶1 Tore Hansson, D.D.S. (Hansson) was licensed to practice dentistry in Arizona under a limited license according to Ariz.Rev. Stat. Ann. (A.R.S.) § 32–1233(D) (1986). In 1995, the legislature repealed this section and the Arizona State Board of Dental Examiners (Board) notified Hansson that his license would not be renewable. The trial court found that the repeal of the statute did not divest Hansson of his status as a dentist. For the following reasons, we reverse.

## FACTUAL AND PROCEDURAL HISTORY

¶2 On December 12, 1988, Hansson was licensed to ·practice dentistry under A.R.S. § 32–1233(D). At that time, A.R.S. § 32–1233(D) read as follows:

> The board may convene a special examination with a minimum of three dental members present for purposes of examining applicants for projects in the public interest. Upon passing the examination the board may grant the applicant a license to practice dentistry *which is limited to the public interest for which the examination was held.*

A.R.S. § 32–1233(D) (1986) (emphasis added). The Board concluded that Hansson's application met the public interest criteria of the limited license statute because, as a specialist in "craniomandibular" disorders, Hansson would benefit the community by treating patients requiring his specialized services and through dissemination of his knowledge throughout the dental and medical professions. The Board renewed Hansson's license in 1991 and 1994 for three-year periods each time. In September 1996 the Board notified Hansson that his license could not be renewed in June 1997 because the legislature had repealed A.R.S. § 32–1233(D) (1986), the statute authorizing Hansson's limited license.

¶3 Hansson filed a complaint for declaratory judgment seeking renewal of his dental license. Hansson moved for summary judgment, asserting that the Board had au-

thority to renew his limited license pursuant to A.R.S. § 32–1236 (1996), that its refusal to renew his license violated his due process and equal protection rights, and that the Board should be estopped from refusing to renew his license. The trial court granted Hansson's motion for summary judgment, finding that the repeal of A.R.S. § 32–1233(D) (1986) did not divest him of his status as a licensed dentist or the Board of its authority to renew his license. The Board timely appealed from the declaratory judgment. We hold that the Board lacked authority to renew Hansson's limited license and reverse the declaratory judgment.

## DISCUSSION

### I. Board's Authority to Renew Hansson's Limited License

¶ 4 The Board claims that it lacked the authority to renew Hansson's license because the legislature repealed A.R.S. § 32–1233(D) (1986), which authorized the issuance of limited licenses in the public interest. The Board contends that because the legislature amended A.R.S. § 32–1233 to eliminate the provision for limited licenses, Hansson's license cannot be renewed.[1]

¶ 5 The trial court concluded that the renewal of Hansson's license was governed by A.R.S. § 32–1236 (1996):

A. On or before June 30 of every third year, every licensed dentist shall submit to the board a passport size photograph taken of the dentist within the previous six months and shall pay a fee prescribed by the board at its annual August meeting. This fee shall not exceed four hundred fifty dollars....

B. A person applying for licensure for the first time in this state shall pay a prorated fee for the period remaining until the next June 30. This fee shall not exceed one-third of the fee established pursuant to subsection A. Subsequent licensure renew-

al shall be conducted pursuant to this section.

¶ 6 The facts of this case are not disputed. This case presents a question of statutory interpretation which we review *de novo*. *In the Matter of the Estate of Ryan*, 187 Ariz. 311, 313–14, 928 P.2d 735, 737–38 (App.1996). Statutes *in pari materia* "should be read in connection with, or should be construed together with other related statutes, as though they constituted one law." *State ex rel. Larson v. Farley*, 106 Ariz. 119, 122, 471 P.2d 731, 734 (1970).

¶ 7 Considering the amendment to A.R.S. § 32–1233 in connection with A.R.S. § 32–1236, we disagree that A.R.S. § 32–1236 authorizes the Board to renew Hansson's limited license. The Board cannot renew Hansson's limited license because no such category of licenses remains after the repeal of A.R.S. § 32–1233(D). If the Board renewed Hansson's license, it would have no option but to grant Hansson a general, unrestricted dental license because limited licenses no longer exist. This would give Hansson a general, unrestricted license, for which he has never qualified. Hansson never took the examination formerly required of dentists seeking a general, unrestricted license. *See* A.R.S. § 32–1233(A) and (B) (1986). Thus, he is not qualified for such license.

¶ 8 By repealing A.R.S. § 32–1233(D), the legislature intended to eliminate the category of limited dental licenses and create a uniform testing standard for all dentists. It did not include a savings or grandfather clause to allow renewal of limited licenses. To allow the Board to renew a license for which there is no longer any statutory authority would inject a savings clause into the amended licensing statutes where none exists. We view the absence of a savings or grandfather clause as evidence of the legislature's intent to abolish that category of dental licenses

---

1. The current version of A.R.S. § 32–1233, as amended in 1995, reads as follows:
    An applicant for licensure shall have passed all of the following:
    1. Parts I and II of the national dental board examinations.

2. The western regional examining board examination within five years preceding filing the application.
3. The Arizona dental jurisprudence examinations.

and to allow only dentists with general, unrestricted licenses to practice in Arizona.[2]

¶ 9 Hansson argues that if his license is nonrenewable because he has not qualified under the new examination requirements, then all previously licensed dentists also will have to qualify under the new requirements when they submit for license renewal unless they have fulfilled the requirements of A.R.S. § 32–1233 (1995). Although dentists holding a general license issued prior to 1995 may not have taken the examinations required under the new law, those dentists hold a general, unrestricted license, not a limited, public interest license. The Board has authority to renew *general* licenses under the new A.R.S. § 32–1233 because that category of licenses still exists.

## II. Due Process

■ ¶ 10 Hansson contends that the Board's refusal to renew his limited dental license violates his due process rights. The trial court did not address Hansson's constitutional claims, having found statutory authority for the renewal. Because we hold that the Board lacked statutory authority to renew Hansson's limited license, we must address the constitutional challenges.

■ ¶ 11 We have a duty to construe the statute, if possible, to give it a reasonable and constitutional meaning. *Arizona State Bd. of Dental Examiners v. Fleischman*, 167 Ariz. 311, 314, 806 P.2d 900, 903 (App.1990) (citation omitted).

¶ 12 " '[T]he right to pursue a profession is subject to the paramount right of the state under its police powers to regulate business and professions in order to protect the public health, morals and welfare.' " *Id.* (quoting *Cohen v. State*, 121 Ariz. 6, 10, 588 P.2d 299, 303 (1978)); *see also Application of Levine*, 97 Ariz. 88, 91, 397 P.2d 205, 207 (1964) (state may not preclude right to engage in profession for reasons which violate due process); *Schillerstrom v. State*, 180 Ariz. 468, 471, 885 P.2d 156, 159 (App.1994) (citation omitted) (state regulation of right to pursue a profes-

sion must comply with due process). The state may regulate a business or profession so long as the regulation does not violate due process.

■ ¶ 13 Legislation having a rational relationship to a legitimate governmental end does not violate the constitutional rights of due process or equal protection. *Fleischman*, 167 Ariz. at 314, 806 P.2d at 903 (citing *Williamson v. Lee Optical of Oklahoma*, 348 U.S. 483, 75 S.Ct. 461, 99 L.Ed. 563 (1955) and *Ferguson v. Skrupa*, 372 U.S. 726, 83 S.Ct. 1028, 10 L.Ed.2d 93 (1963)). "If a protected liberty interest like the right to practice a profession is at stake, the [s]tate's interest must justify the degree of infringement which ensues from the sanction, and appropriate procedures must be used to guard against arbitrary action." *Schillerstrom*, 180 Ariz. at 471, 885 P.2d at 159 (citation omitted).

¶ 14 The decision that the public interest is no longer served by dentists holding limited licenses and that all dentists in Arizona must qualify under the statutory requirements for a general license is rationally related to the state's interest in protecting the public health. The legislature's determination that requiring all dentists to hold a general license is more beneficial to the public than were the services provided by limited license holders is a legitimate exercise of its police powers and does not offend the due process clause.

■ ¶ 15 Hansson also argues that he was denied procedural due process, although the answering brief fails to specify the basis for this assertion. In his motion for summary judgment, Hansson argued that he did not have an opportunity to be heard at a meaningful time in a meaningful manner. However, he then stated that "[t]he only meaningful hearing is an expedited hearing on this motion. Accordingly, pursuant to Arizona Rules of Civil Procedure Rule 57, this [c]ourt should order an expedited hearing to determine whether Dr. Hansson's license can and should be renewed via A.R.S. 32–1236." The

2. The licensing statutes provide that certain persons need not be licensed and allow restricted permits, but these provisions are not applicable here. *See* A.R.S. §§ 32–1231 and 32–1237 (1996).

court heard and decided the matter in a timely manner, and Hansson's brief does not contend otherwise. Hansson does not clearly state to what notice or additional hearing he was entitled.

¶ 16 The Board gave Hansson nine months' notice that it would not renew his license when it expired in June 1997. Hansson filed this action in April 1997, before his license expired. The minimum notice required by due process depends on the circumstances of the case. *See Wallace v. Shields,* 175 Ariz. 166, 174, 854 P.2d 1152, 1160 (App.1992) (citation omitted). Hansson does not explain how the notice was insufficient or how he was denied an opportunity for a meaningful hearing. In light of Hansson's failure to support his claim with any evidence, we must conclude that the notice provided was sufficient and that by filing this action against the Board, Hansson received an opportunity to be heard in a meaningful manner.

## III. Equal Protection

¶ 17 Hansson also argued that the Board violated equal protection by selectively applying A.R.S. § 32–1233 to limited license holders. "Equal protection of the law guarantees like treatment to all persons who are similarly situated." *Aldabbagh v. Arizona Dep't of Liquor Licenses and Control,* 162 Ariz. 415, 420, 783 P.2d 1207, 1212 (App.1989) (citation omitted). Hansson does not hold a general license. He is not similarly situated to dentists holding a general license, and the Board's refusal to renew his limited license does not violate equal protection of the law. Moreover, equal protection is not violated by the Board's refusal to perform an act it has no power to perform. *See Wallace v. Casa Grande Union High Sch. Dist. No. 82 Bd. of Governors,* 184 Ariz. 419, 429, 909 P.2d 486, 496 (App.1995).

## IV. Retroactivity

¶ 18 We also reject Hansson's contention that the Board's refusal to renew his limited license is an unlawful retroactive application of A.R.S. § 32–1233. "[A] statutory amendment cannot be retroactively applied to defeat a vested right." *Chaffin v. Comm'r*

*of the Arizona Dep't of Real Estate,* 164 Ariz. 474, 478, 793 P.2d 1141, 1145 (App.1990) (citation omitted). However, Hansson had no vested right in an unrestricted dental license because he never qualified for one under the previous licensing requirements. To the extent Hansson had a right to retain his limited license, that "right is subject to the paramount right of the state under its police powers to regulate business and professions in order to protect the public health, morals and welfare." *Cohen,* 121 Ariz. at 10, 588 P.2d at 303. Thus, Hansson had no "vested" or "accrued" right to a professional license that was not subject to legislative changes in the licensing requirements. *See In re Application of Herrick,* 82 Hawai'i 329, 922 P.2d 942, 951 (Haw.1996) ("the state's issuance of a professional ... license does not give the license-holder an absolute right to continue in that particular profession ... forever").

## V. Estoppel

¶ 19 Hansson argues that the Board should be estopped from arbitrarily applying the licensing statutes in a manner that frustrates the statutes' legislative intent. Hansson claims that he relied on the assumption that he would hold a valid license as long as he paid his fees and continued to provide professional education to other Arizona dentists. However, Hansson's license was issued subject to the state's "paramount right" to regulate professions to protect the public. *See Cohen,* 121 Ariz. at 10, 588 P.2d at 303. As previously stated, the change in the dental licensing requirements was a proper exercise of state authority.

¶ 20 "Estoppel may succeed against the state only when its application would promote rather than frustrate the basic intent of the statute." *Arizona Dep't of Revenue v. M. Greenberg Constr.,* 182 Ariz. 397, 405, 897 P.2d 699, 707 (App.1995) (citation omitted). Application of estoppel here would frustrate the purpose of the new licensing requirements, which is to promote uniform standards of quality and to allow only dentists qualifying for a general license to practice in Arizona. Hansson has never passed the tests taken by all other dentists in Ari-

zona and does not hold a general license. Hansson was awarded a limited license based on the Board's decision that he could offer beneficial educational opportunities to dentists in Arizona and its use of a limited examination and licensing scheme. Renewal of his limited license is contrary to the intent of the revised licensing scheme.

¶ 21 Additionally, estoppel may apply against the state "when its application will not affect the exercise of governmental powers or make binding the unauthorized acts of the government." *Calmat of Arizona v. State ex rel. Miller*, 172 Ariz. 300, 311, 836 P.2d 1010, 1021 (App.1992) (citation omitted), *vacated in part on other grounds*, 176 Ariz. 190, 859 P.2d 1323 (1993); *see also Freightways, Inc. v. Arizona Corp. Comm'n*, 129 Ariz. 245, 247–48, 630 P.2d 541, 543–44 (1981). Because the Board lacks authority to renew Hansson's limited license under the current laws, Hansson cannot invoke the doctrine of estoppel to require the Board to perform an unauthorized act.

## CONCLUSION

¶ 22 We hold that the Board lacked authority to renew Hansson's limited license after the legislature repealed A.R.S. § 32–1233(D) (1986), the statute authorizing such licenses. The Board's action did not deprive Hansson of due process or equal protection and did not constitute a retroactive application of the new A.R.S. § 32–1233. Finally, the doctrine of estoppel does not apply in this case. The judgment is reversed and remanded for further proceedings consistent with this decision.

CONCURRING: EDWARD C. VOSS, Judge, and NOEL FIDEL, Judge.